Jonathan W. Birdt
1563 Bello Monte Drive
Prescott, AZ, 86301
928-800-2002
Birdtjon@gmail.com



# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jonathan Wesley Birdt,

    Plaintiff,

vs.

James Houston Boone; The United States Practical Shooting Association/IPSC; Russell Thomas Fortney; Ben Stewart Berry; Lafe Kunkel; Frank Rizzi, Andrew R. Erickson

    Defendants

Case No.: CV25-08164-PCT-ASB

COMPLAINT FOR DEFAMATION, BREACH OF FIDUCIARY DUTY AND DECLARATORY RELIEF

Comes now Plaintiff who alleges:

### Jurisdiction

1. This court has jurisdiction over this matter pursuant to Diversity Jurisdiction. The plaintiff is a resident of Prescott, Yavapai County, AZ and a citizen of the United States. The defendant, James Houston Boone, is a resident of Lake Oswego, OR and a citizen of the United States. The defendant, The United States Practical Shooting Association/IPSC, is a resident of Sedro Wooley, WA and a citizen of the United States. The defendant, Russell Thomas Fortney, is a resident of Concord, VA and a citizen of the United States. The defendant, Ben Stewart Berry, is a resident of Durham, NC and a citizen of the United States. The defendant, Lafe Kunkel, is a resident of Harrodsburg, KY and a citizen of the

BIRDT V. USPSA - 1

United States. The defendant, Frank Rizzi, is a resident of Staten Island, NY and a citizen of the United States. The defendant, Andrew R. Erickson, is a resident of Sioux Falls, SD and a citizen of the United States. The cause of action arose in the Prescott division.

2. Plaintiff, Jonathan W. Birdt, was a duly elected Director of The United States Practical Shooting Association/IPSC (hereinafter "The Organization") and the time of a special meeting of the Board of Directors on March 18, 2025 that gives rise to the claims made herein.

3. Defendant James Houston Boone was acting in the role of President of The Organization and as a Elected Member of the Board of Directors at the time of the subject meeting.

4. Defendants James Houston Boone, Russell Thomas Fortney, Ben Stewart Berry, Lafe Kunkel, Frank Rizzi and Andy Erickson are employed volunteers who voluntarily sought election or appointment as Directors of The Organization and were serving in that role when they voluntarily participated in a Board meeting on March 18, 2025 (Hereinafter referred to as The Directors). The purpose of said meeting was to remove Plaintiff as a Director and Member of the Organization because he had filed a lawsuit against the Organization seeking to have it comply with basic legal principles.

5. The Directors, through their voluntary employment with The Organization acted in concert knowing that their materially false statements would be emailed and posted on The organization website in Prescott, Arizona and throughout the country to the 40,000 Members of the Organization. Defendants also sent direct emails to Members in Prescott, Arizona and throughout the Country knowing those false statements would cause harm to Plaintiff.

6. On March 18, 2025 during the subject meeting, The Directors made or ratified the following statements in a motion before the Board that they then published in Meeting Minutes, Internet postings on The Organization's website, in emails directed to the 40,000 nationwide members of the Organization and to the public at large.

BIRDT V. USPSA - 2

7. These false statements included (Hereinafter "the Statements") that:

   USPSA has received evidence and has direct evidence that Mr. Jon Birdt has:
   1. Failed to discharge the duties of a fiduciary.
   2. Acted in a manner deemed to be illegal.
   3. Acted in a manner deemed to be immoral.
   4. Has failed to disclose conflicts of interests.

8. Said statements were not included in the notice of meeting, were not circulated to all members of the Board, are not referenced in the meeting minutes and Plaintiff was not advised in advance or at the time of the meeting of these false claims.

9. On March 18, 2025 Plaintiff was a duly elected director entitled to see all material presented to the Board for consideration, but The Statements and their alleged supporting evidence was not provided to him.

### First Cause of Action for Defamation against all Defendants

10. The Statements made by Defendants were false and no such evidence existed to support The Statements.

11. Defendants knew, or through the exercise of reasonable care should have known that the statements were false.

12. Plaintiff subsequently presented a request for said evidence, or a retraction, and Defendants ignored said request.

13. Plaintiff then provided Defendants with a draft of this lawsuit and the representation that it would not be filed if Defendants provided the alleged evidence. Defendants did not respond.

14. Plaintiff has been harmed in that Defendants have publicly represented that they each reviewed said direct evidence by their votes, knowing that those statements would be repeated to the membership and posted publicly on the Organization's website, and without exercising reasonable care ratified and caused those statements to be published.

BIRDT V. USPSA - 3

15. Plaintiff has been further harmed in that he has been precluded from participating in his favorite and regular hobby of shooting weekend matches with his friends.

**Second Cause of Action for Breach of Fiduciary Duty against The Directors**

16. As elected Directors of a nonprofit and charity operating under Federal 501c The Directors owed Plaintiff, The Organization and its members certain fiduciary duties, including:

    1. Duty of Care- The Directors owed The Organization, Its' members and Plaintiff a duty of reasonable care and diligence that required them to review relevant evidence before voting on a matter. Defendants breached this duty by not having reviewed the alleged evidence supporting The Statements.
    2. Duty of Loyalty- Defendants have a duty to act in the best interests of the membership and failed to do so by negligently adopting The Statements without evidentiary support.
    3. Duty of Honesty- The Directors acted in a dishonest manner by intentionally publishing false statements about a fellow Director in violation of their horizontal duty of care to Plaintiff.
    4. Fiduciary Duty- The Directors have a fiduciary duty to consider their actions, be prepared for votes, ask questions where doubt exists and to then only take actions deemed to be in the best interests of The Organization, but the Directors herein have woefully in this regard, taking legal advice from chatgpt, ignoring the advice of legal counsel and in ratifying false statements without the claimed evidentiary support.
    5. Duty to Review records- The Directors have a duty to review records underlying a vote and to make sure they understand those records before voting. Here, no records, or evidence, was even circulated before The Directors voted claiming to have reviewed "direct evidence" in support of each of The Statements.

17. The Directors, by their conduct as alleged herein, have breached each of their duties as set forth above and brought The Organization into disrepute by their conduct, further causing the members to incur unnecessary legal expenses.

BIRDT V. USPSA - 4

**Prayer for Relief**

Plaintiff seeks the following by way of this action:

a. Declaratory relief establishing the falsity of the statements.
b. General Damages in excess of $75,000
c. Punitive Damages according to proof.
d. Restitution to The Organization by The Directors for legal fees incurred by The Organization in defending legal actions brought as a result of their negligent conduct.
e. Disqualification of the Directors for violations of their Fiduciary Duties.
f. Reinstatement of Plaintiff as a Member of the Organization.
g. Costs of suit incurred herein.

August 5, 2025

Jonathan W. Birdt

BIRDT V. USPSA - 5