Isaac M. Gabriel (#021780)
gabriel.isaac@dorsey.com
Brittany M. Gilbertson (#032641)
gilbertson.brittany@dorsey.com
**DORSEY & WHITNEY LLP**
2325 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: (602) 735-2700

*Attorneys for Defendant The United States Practical Shooting Association/IPSC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Wesley Birdt,<br><br>Plaintiff,<br><br>v.<br><br>James Houston Boone; The United States Practical Shooting Association/IPSC; Russell Thomas Fortney; Ben Stewart Berry; Lafe Kunkel; Frank Rizzi; Andrew R. Erickson,<br><br>Defendants. | Case No. CV-25-08164-PCT-ASB<br><br>**MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DEFAMATION, BREACH OF FIDUCIARY DUTY AND DECLARATORY RELIEF**<br><br>**(Oral Argument Requested)** |

**I.   INTRODUCTION AND RELIEF REQUESTED**

This action arises from an internal dispute on the board of The United States Practical Shooting Association/IPSC ("USPSA"), a nonprofit incorporated in Delaware that organizes and sanctions shooting competitions across the country for its 40,000 members. Plaintiff, a former director of USPSA, was removed from the Board and had his membership revoked on findings of misconduct. Specifically, among other things, the Board found that Plaintiff had breached his fiduciary duties. Plaintiff does not challenge his removal, and he disputes none of the Board's substantive findings regarding his misconduct.

Instead, Plaintiff claims that USPSA defamed him in a statement to its membership because USPSA said that it possessed *direct evidence* of Plaintiff's misconduct. Plaintiff alleges that no such direct evidence exists of the misconduct he does not dispute.

Regardless, Plaintiff has failed to plead the requisite contacts with Arizona to subject USPSA to the personal jurisdiction of this forum. First, Plaintiff states that USPSA is at home

in *Washington*, not Arizona. Second, the only alleged contacts between USPSA and Arizona are (1) a public announcement posted on the USPSA website that is broadly accessible online and (2) informational emails delivered to each of USPSA's 40,000 members across the country, including *some* recipients in the forum state. Neither is sufficient to establish personal jurisdiction.

USPSA therefore respectfully moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II. STATEMENT OF FACTS

Plaintiff is a former director of USPSA.[1] Dkt. 1, Compl. ¶ 2. During Plaintiff's tenure, USPSA's board held a special meeting to respond to allegations of Plaintiff's misconduct. *Id.* ¶ 4. In March 2025, the Board voted to remove Plaintiff as a director and to revoke Plaintiff's membership in USPSA. *Id.* Subsequently, the Board issued a public statement addressing the allegations and generally stating the reasons for Plaintiff's removal, posting the statement on the USPSA website and delivering the same to its 40,000 members via email. *Id.* ¶¶ 5-7. USPSA's 40,000 members are distributed "nationwide," and the USPSA website is accessible "throughout the country." *Id.* ¶¶ 5-6.

Plaintiff filed this action five months later on diversity jurisdiction, claiming that USPSA's statements amount to defamation. *Id.* ¶¶ 10-15.[2] But Plaintiff alleges that USPSA is a Washington corporation, *id.* ¶ 1, and according to the Complaint, USPSA's only contacts with Arizona are the fact that USPSA's website is accessible in Arizona and when USPSA emailed the statements at issue to its "40,000 nationwide members" and directed said communications

---

[1] Defendant USPSA generally disputes the facts as alleged but assumes their veracity only for the purposes of this Motion.

[2] In relevant part, the Board concluded that Plaintiff failed to discharge the duties of a fiduciary, Plaintiff acted in a manner that is both illegal and immoral, and Plaintiff failed to disclose conflicts of interest. Compl. ¶ 7. *Plaintiff does not dispute this characterization of his actions*, or even that his behavior merits removal as a USPSA director. Instead, Plaintiff disputes only the assertion that USPSA "received evidence and has *direct* evidence" of Plaintiff's undisputed misconduct. *Id.* (emphasis added); *id.* ¶¶ 9, 12-14 (asserting a right to review direct evidence of his misconduct).

2

"to the public at large," some of the recipients were "in Prescott, Arizona." *Id.* ¶¶ 5-6. Plaintiff pleaded no further contacts with the forum state.

## III.   ARGUMENT

### A.   Legal Standard

This Court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction based on written submissions, and it is Plaintiff's burden to present "a prima facie showing of jurisdictional facts." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 268 (9th Cir. 1995). In so doing, the Court must assume "that the matters so set forth [by the Plaintiff] could be proved." *Id.* Plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

### B.   This Court Lacks Personal Jurisdiction over USPSA.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F. 4th 852, 858 (9th Cir. 2022) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)); *see also Ariz. Sch. Risk Retention Tr., Inc. v. NMTC, Inc.*, 169 F. Supp. 3d 931, 935 (D. Ariz. 2016) ("Where, as here, there is no applicable federal statute governing personal jurisdiction, the Court applies the law of the state in which it sits."). Arizona permits its courts to exercise personal jurisdiction "to the maximum extent permitted by . . . the Constitution of the United States." Ariz. R. Civ. P. 4.2(a).

Under the federal constitution, personal jurisdiction can be either general or specific. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8-9 (1984). With respect to USPSA, this Court has neither. And when a defendant moves to dismiss for lack of personal jurisdiction, it is Plaintiff's burden to make a prima facie showing of jurisdictional facts establishing personal jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Here, Plaintiff has not met his burden.

#### 1.   USPSA Is Not at Home in Arizona.

"Claims based on general jurisdiction need not relate to the forum State or to the defendant's activity there; they may concern events and conduct anywhere in the world." *LNS Enters. LLC*, 22 F. 4th at 859 (internal quotation marks omitted). But to be subject to general

3

jurisdiction, USPSA's affiliations with Arizona must be so "continuous and systematic" that it is rendered "essentially at home" in Arizona. *Daimler*, 571 U.S. at 127. This is an exacting standard, and aside from limited exceptions not applicable here, general personal jurisdiction is limited to USPSA's "place of incorporation and principal place of business." *Id.* at 137.

But nowhere in the Complaint does Plaintiff allege that USPSA is at home in Arizona. In fact, the Complaint states the opposite, alleging instead that USPSA resides in the State of *Washington*. Compl. ¶ 1. Thus, as pleaded, this Court lacks general personal jurisdiction over USPSA.[3]

### 2. Plaintiff Failed To Plead Minimum Contacts with Arizona.

Absent general personal jurisdiction, the Due Process Clause of the Fourteenth Amendment limits personal jurisdiction to those defendants that have "minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (internal quotation marks omitted). This constitutional threshold for specific personal jurisdiction requires courts to consider "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

In particular, the question of specific personal jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden*, 571 U.S. at 283-84 (internal quotation marks omitted). The lawsuit must arise out of or relate to the *defendant's* contacts with the forum. *Id.* at 284. On the other hand, "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 264 (2017). In other words,

---

[3] If, however, this Court found that USPSA *were* a citizen of Arizona for purposes of establishing general personal jurisdiction, such a holding would defeat subject-matter jurisdiction because Plaintiff is a citizen of Arizona and asserts only diversity jurisdiction. Compl. ¶ 1; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) ("As for diversity jurisdiction, federal district courts have jurisdiction over suits for more than $ 75,000 where the citizenship of each plaintiff is different from that of each defendant.").

4

"specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* at 262.

The Ninth Circuit acknowledges specific personal jurisdiction if the following three conditions are met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*LNS Enters. LLC*, 22 F. 4th at 859. If the plaintiff establishes the first two, "the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Axiom Foods*, 874 F.3d at 1068-69). But Plaintiff has failed to establish that USPSA has directed its activities at Arizona, and in any case, the exercise of personal jurisdiction over USPSA would not be reasonable.

For the first prong, "a defendant's availment must be purposeful, not random, isolated, or fortuitous." *Id.* at 859 (internal quotation marks omitted). In the tort context, this means Plaintiff must allege that USPSA "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods*, 874 F.3d at 1069.

But the Complaint alleges only that the statements at issue were emailed "*throughout the country* to the 40,000 Members of the Organization" and "posted on The [*sic*] organization website." Compl. ¶ 5 (emphasis added). In other words, rather than directed at Arizona itself, the Complaint claims that USPSA's communications were "directed to the 40,000 *nationwide* members of the Organization and *to the public at large*." *Id.* ¶ 6 (emphasis added). Such allegations are insufficient to subject USPSA to the specific personal jurisdiction of this Court.

Regarding the information USPSA posted on its "essentially passive" webpage, USPSA "has done no act and has consummated no transaction, nor has it performed any act by which it purposefully availed itself of the privilege of conducting activities, in Arizona, thereby invoking the benefits and protections of Arizona law." *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414,

419 (9th Cir. 1997). Accordingly, with nothing expressly aimed at Arizona, the allegations relating to USPSA's website are insufficient to state a prima facie case of specific personal jurisdiction. *Axiom Foods*, 874 F.3d at 1069.

Similarly, to the extent that Plaintiff relies on emails sent to USPSA's "40,000 nationwide members . . . and to the public at large," Compl. ¶ 6, Plaintiff does not allege that USPSA's "mass" emails "expressly invoke" Arizona, *Vines of Arg., LLC. v. Argentina*, No. 2:22-cv-1619, 2025 U.S. Dist. LEXIS 61287, at *7 (W.D. Wash. Mar. 31, 2025) (unpublished order). To the contrary, as alleged, Arizona goes completely "unmentioned" therein. *Id.* at *8. Although Plaintiff asserts that *some* of the 40,000 nationwide recipients of USPSA's mass emails reside in Prescott, Arizona, Compl. ¶ 5, an inquiry into specific personal jurisdiction focuses on USPSA's "contacts with *the forum State itself*, not the defendant's contacts with persons who reside there." *Axiom Foods*, 874 F.3d at 1068 (emphasis added) (quoting *Walden*, 571 U.S. at 285). Thus, like the post on USPSA's website, USPSA's emails to its national membership are not alleged to be expressly aimed at Arizona and thereby do not subject USPSA to the specific personal jurisdiction of this Court.

Moreover, beyond Plaintiff's failure to allege USPSA's emails to its nationwide membership and its Internet postings directed "to the public at large" are expressly aimed at Arizona, *see* Compl. ¶¶ 5-6, this Court lacks specific personal jurisdiction for the additional independently sufficient reason that Plaintiff has failed to allege harm that USPSA knew was likely to be suffered *in Arizona*. *Axiom Foods*, 874 F.3d at 1069. Instead, Plaintiff's alleged harm is *universal* in scope. Plaintiff first alleges that he "has been harmed in that Defendants have publicly represented" certain information, "knowing that those statements would be repeated to the [nationwide] membership and posted publicly." Compl. ¶ 14. And he then alleges that he "has been further harmed in that he has been precluded from participating in his favorite and regular hobby" of participating in USPSA events. *Id.* ¶ 15.

Setting aside the fact that Plaintiff neglected to articulate *how* precisely he is precluded from participating in USPSA events *by the allegedly false statement* that USPSA specifically possesses "direct evidence" of Plaintiff's undisputed misconduct, *id.* ¶ 7, rather than by the

revocation of Plaintiff's USPSA membership (a revocation Plaintiff does not challenge), *id.* ¶ 4, Plaintiff admits that USPSA has a "nationwide" reach with active members "throughout the country," *id.* ¶¶ 5-6. So Plaintiff has again pleaded only broad harm that applies equally nationwide—everywhere USPSA members gather for sanctioned events and related activities. Thus, this Court lacks specific personal jurisdiction over USPSA because the Complaint does not allege any harm to Plaintiff specific to Arizona. *Axiom Foods*, 874 F.3d at 1069. If these scant allegations are sufficient to subject USPSA to the personal jurisdiction of this Court, USPSA would be equally exposed to the personal jurisdiction of every court in the country.

But even if, however, this Court were to hold both that USPSA *did* specifically and purposefully direct activities at Arizona *and* that this action arises out of such activities, "the exercise of jurisdiction would not be reasonable." *LNS Enters. LLC*, 22 F. 4th at 859. This Court evaluates reasonableness by weighing the following seven factors:

> (A) the extent of the purposeful interjection into the forum state, (B) the burden on the defendant of defending in the forum, (C) the extent of conflict with the sovereignty of defendant's state, (D) the forum state's interest in adjudicating the dispute, (E) the most efficient judicial resolution of the controversy, (F) the importance of the forum to plaintiff's interest in convenient and effective relief, and (G) the existence of an alternative forum.

*Paccar Int'l v. Com. Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1065 (9th Cir. 1985). None weighs in favor of this Court exercising personal jurisdiction over USPSA.

First, the Complaint states only minimal interjection into Arizona by means of a publicly accessible website and an email sent nationwide to USPSA's 40,000 members. *See* Compl. ¶¶ 5-6. Second, as a Delaware corporation, *see* USPSA's Diversity Disclosure Statement filed herewith, USPSA would be significantly burdened by defending this action across the country in Arizona. Third, adjudicating this action in Arizona would "interfere[] with the sovereignty of [Delaware] and the right of [Delaware] courts to resolve disputes involving [Delaware] corporations." *Paccar Int'l.*, 757 F.2d at 1065. Fourth, although Plaintiff is an Arizona citizen, Arizona has little to no interest in adjudicating this action, which is, at its core, a board dispute internal to a Delaware corporation. *See, e.g.*, Compl. ¶¶ 8-9, 16-17 (asserting Plaintiff's rights as a director to review corporate records and raising a claim that USPSA's other directors breached

7

their fiduciary duties). Fifth, no evidence is alleged to exist exclusively in Arizona regarding the electronic communications at issue, and according to the Complaint, the directors responsible for disseminating said communications all reside outside of Arizona. *See* Compl. ¶ 1. As for factors six and seven, Plaintiff has disputed neither the availability nor the sufficiency of Delaware courts as an alternative forum to adjudicate this matter effectively and conveniently, especially in light of their general personal jurisdiction over USPSA. Thus, *even if* USPSA had expressly directed activities at Arizona from which this action arose (it did not), the exercise of jurisdiction here would not "comport with fair play and substantial justice." *LNS Enters. LLC*, 22 F. 4th at 859.

In sum, Plaintiff has failed to meet his burden to make a prima facie showing that this Court has personal jurisdiction over USPSA, and this Court should accordingly dismiss USPSA from this action.

**IV.   CONCLUSION**

For the foregoing reasons, USPSA respectfully requests that the Court dismiss USPSA from this action pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

RESPECTFULLY SUBMITTED this 29th day of August, 2025.

DORSEY & WHITNEY LLP

By:   *s/Brittany M. Gilbertson*
   Isaac M. Gabriel
   Brittany M. Gilbertson
   2325 East Camelback Road, Suite 900
   Phoenix, AZ 85016
   *Attorneys for Defendant The United States Practical Shooting Association/IPSC*

8

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a notice of Electronic Filing to the following CM/ECF registrants:

Jonathan W. Birdt – jonbirdt@icloud.com

By: ___s/Ashly White_____

4913-3551-9329\5