Jonathan W. Birdt
1563 Bello Monte Drive
Prescott, AZ, 86301
928-800-2002
Birdtjon@gmail.com

# IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Wesley Birdt,<br><br>       Plaintiff,<br><br>vs.<br><br>James Houston Boone; The United States Practical Shooting Association/IPSC; Russell Thomas Fortney; Ben Stewart Berry; Lafe Kunkel; Frank Rizzi, Andrew R. Erickson<br><br>      Defendants | Case No.: **3:25-cv-08164-ASB**<br><br><br>MOTION TO COMPEL EARLY MEETING OF COUNSEL ON SEPTEMBER 19, 2025 OR WITHIN 5 DAYS OF RULING |

## I. INTRODUCTION

In this motion, Plaintiff, ask the Court to issue an order to compel Defendants to hold a conference pursuant to Federal Rule of Civil Procedure Federal Rule 26(f), and to comply promptly with all aspects of Rule 26 including, but not limited to, scheduling and participating in the discovery conference required by the Rules.  This action is a relatively straightforward action that revolves around Defendants representation that they had "direct evidence" of illegal conduct by Plaintiff.  Plaintiff requested said evidence and defendants remained silent. Pre-filing, Plaintiff requested the evidence or a retraction and defendants chose to remain silent forcing this lawsuit.

BIRDT V. USPSA - 1

Plaintiff requested a Rule 26 conference and Defendants would not agree to set the conference. Defendants' refusal to set the conference is contrary to their Rule 26 obligations. It has the effect of stalling and delaying prosecution of this case and, in effect, imposing a unilateral stay on all discovery, without making the showing that would be required by a motion for a stay. Defendants would not provide a date for a Rule 26(f) conference despite requests for a proposed date. Plaintiffs seek to enforce the clear mandate of Rule 26(f) requiring that the conference take place "as soon as practicable."

**II. RELEVANT PROCEDURAL HISTORY**

All Defendants were served by August 19, 2025 and on that date Plaintiff emailed all parties setting the conference for September 19, 2025, inviting any alternative earlier dates convenient to them.  In this email, Plaintiff also provided the outline for his view of case timing, draft discovery and his initial disclosures.  Counsel, Michael Harris, who purports to represent the individual Defendants responded the same day stating "Thank you. However, it is premature to be discussing the early meeting, as the defendants have just been served, and have not yet filed responsive pleadings."  A string of emails followed along with a phone call, but Mr. Harris refused to provide dates despite being made aware of the applicable law set forth herein.

On September 1, 2025 Plaintiff sent defense Counsel his draft discovery, initial disclosures and discovery plan as set forth in the exhibit attached hereto, hoping to lay the ground work for a productive early meeting.  Ex A. Counsel for the Organization, Mr. Garbiel, responded thereto, making it clear that no further amount of meet and confer would resolve this dispute. Ex B.

**III. DEFENDANTS ARE IN VIOLATION OF THE EXPRESS TERMS OF RULE 26**

On August 19, 2025, Plaintiff informed all parties that Plaintiffs were seeking dates to schedule the required Rule 26(f) discovery conference and set a date for the conference on September 19, 2025.  Plaintiff explained that the text of Rule 26(f) required setting the conference "as soon as practicable" and that Defendants' intention to file a motion to dismiss did not change the requirements of the Rule noting that the Advisory Committee Notes to Rule 26(f) indicate that a conference must be scheduled even if a defendant has not yet answered a

complaint. Defendants declined to propose or provide a date for a Rule 26(f) discovery conference.

The Rule 26 provision regarding timing of the discovery conference requires that "the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." (Fed. Rules Civ. Proc., rule 26(f)(1).) As a scheduling conference has not yet been scheduled, under the applicable rules the discovery conference in this case must be held "as soon as practicable" (Fed. Rules Civ. Proc., rule 26(f)(1), 16(b)(2).) Rule 16(b)(2) requires issuance of a scheduling order as "soon as practicable" and unless there is good cause for delay, "the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared."

Rule 26 and the accompanying Advisory Committee Notes make clear that 26(f) conferences should happen sooner rather than later, regardless of the preliminary nature of the proceedings. (Fed. Rules Civ. Proc., rule 26, 1993 Advisory Comm. Notes ["It will often be desirable . . . for the parties to have their Rule 26(f) meeting early in the case, perhaps before a defendant has answered the complaint . . . "].) Rule 26(f)(1) expressly states that "the parties must confer as soon as practicable." Defendants are in violation of the Rules and their clear directives.

The obligation to participate in the planning process is imposed on all parties that have appeared in the case, *including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case.* (Fed. Rules Civ. Proc., rule 26, 1993 Advisory Comm. Notes (emphasis added), see also, *Melaleuca, Inc. v. Hansen*, 1:10-CV-00553-EJL, 2014 WL 1343452, at *8 (D. Idaho Apr. 3, 2014) [compelling defendant to participate in Rule 26(f) conference while granting plaintiff leave to amend the complaint], *ATEN Int'l Co. Ltd. v. Emine Tech. Co., Ltd.*, 261 F.R.D. 112, 122 (E.D.Tex. 2009) [party not excused from making initial disclosures simply because of pending motions to dismiss, remand, or change venue].)

BIRDT V. USPSA - 3

Defendants' refusal to participate in a Rule 26(f) discovery conference, or even provide a proposed date for such a conference, is in clear violation of the express requirements of the Federal Rules. Defendants' actions, or perhaps more accurately refusal to act, have improperly imposed a stay on this litigation and precluded Plaintiff from moving forward with discovery and the prosecution of this matter. Consequently, Defendants' actions have already resulted in what appears to now be an inevitable violation of the Federal Rules and significant delay to the Plaintiff and his ability to prosecute this action. Thus, Plaintiffs request that the Court order a Rule 26(f) conference to occur on September 19, 2025 or within 4 business days and that Defendants fulfill all their obligations pursuant to Rule 26.

**IV. CONCLUSION**

For the above-stated reasons, Plaintiff respectfully request that the Court Order Defendants to conduct the Rule 26(f) conference on September 19, 2025 or within 4 business days of the Court's order, whichever is sooner.

September 2, 2025

Jonathan W. Birdt

Declaration of Jonathan Birdt:

1. This motion was served upon the USPSA via ECF service and upon the remaining Defendants by email service upon their Counsel, Michael Harris.

2. Exhibits A and B are true and correct copies of the emails exchanged with Defense counsel.

3. The factual statements in this motion are true and correct.

4. I have tried to meet and confer with Defense Counsel to resolve this issue, but they have flatly refused to provide dates for the early conference.

BIRDT V. USPSA - 4

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

September 2, 2025

Jonathan W. Birdt

BIRDT V. USPSA - 5

From: **Jon Birdt** birdtjon@gmail.com 📎
Subject: Early Meeting September 19
Date: September 1, 2025 at 11:02 AM
To: gabriel.isaac@dorsey.com, Michael J. Harris harris@sackstierney.com, gilbertson.brittany@dorsey.com



Brittany, Isaac & Michael,

In preparation for the early meeting I have attached a draft report and the Disclosures and Discovery I will serve upon conclusion of the meeting. As previously discussed, I am happy to do this meeting any time before the 19th convenient to your calendars, but your suggestion that the meeting is premature is contrary to the rules and use notes thereon that impose upon us a duty to conduct the meeting as soon as practicable.This rule aims to facilitate early and open communication to avoid unnecessary delays.. I would also be agreeable to conducting the early meeting later if you agree to accept the attached discovery on the 19th, otherwise, it would seem your protests would simply be an attempt to delay Plaintiff's discovery, which again, would be a violation of the Rule and use notes.

Thank you,

Jon

**Initial Disclousres.pdf**
74 KB

**Request for Production.pdf**
72 KB

**Special Interrogatories.pdf**
69 KB

**Report of Early Meeting.docx**

Ex A

**From:** Gabriel.Isaac@dorsey.com
**Subject:** RE: Early Meeting
**Date:** September 2, 2025 at 6:41 AM
**To:** jonbirdt@icloud.com
**Cc:** harris@sackstierney.com, Gilbertson.Brittany@dorsey.com, larson.jake@dorsey.com, Colbert.Trent@dorsey.com

Jon – the rule does not require an early meeting while a motion to dismiss is pending and the pleadings are not closed. To the contrary, Rule 26(f)(1) contemplates as soon as practicable or no later than "21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Given the pleadings are not closed, there is no scheduling conference and the court has not issued any deadline for a scheduling order. Given the circumstances of our case, it is not "practicable" to hold a early meeting now and attempt to set a discovery schedule when we do not even know when the motion to dismiss will be ruled upon or whether we will be in this forum.

If you would nonetheless like to meet and confer on this issue, please let me know. However, be advised that our position will likely not change and we will not consent to discovery commencing at this stage, which is the common practice in this district.

Isaac M. Gabriel
**Partner**

# DORSEY
DORSEY • WHITNEY LLP

DORSEY & WHITNEY LLP
2325 E. Camelback Road, Suite 900 I Phoenix, AZ 85016
**P:** 602.735.2702
**C:** 602.750.8721

---

**From:** Jon Birdt <jonbirdt@icloud.com>
**Sent:** Sunday, August 31, 2025 7:20 PM
**To:** Gabriel, Isaac <Gabriel.Isaac@dorsey.com>
**Cc:** harris@sackstierney.com; Gilbertson, Brittany <Gilbertson.Brittany@dorsey.com>;
Larson, Jake <larson.jake@dorsey.com>; Colbert, Trent <Colbert.Trent@dorsey.com>
**Subject:** Re: Early Meeting

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Isaac,
Unfortunately I can't agree to that. First, your motion has little chance of prevailing given the applicable case law. Second, the rules don't allow for such delay and in fact require it to be done as soon as practicable. I have given 30 days notice, which is more than reasonable, and if that date isn't convenient I am happy to do it any time sooner.
Moreover, I would be happy to dismiss your client tomorrow if it would simply provide the "direct evidence" upon which the vote was based or apologize and reinstate me. Either way, this matter needs to proceed expeditiously to clear my name or vindicate your client.

Ex B

Thank you,
Jon

Jon Birdt
928-800-2002


On Aug 31, 2025, at 6:45 PM, gabriel.isaac@dorsey.com wrote:


Jon – given there is a pending motion to dismiss, I believe it would be prudent to wait for the outcome of that motion before holding the early meeting.  The pleadings are not closed and we may not even be in this court.  Please advise if you agree.  Thanks.


Isaac M. Gabriel
**Partner**

<image001.png>

DORSEY & WHITNEY LLP
2325 E. Camelback Road, Suite 900 I Phoenix, AZ 85016
**P:** 602.735.2702
**C:** 602.750.8721

---

**From:** Jon Birdt <jonbirdt@icloud.com>
**Sent:** Friday, August 29, 2025 5:23 PM
**To:** Gabriel, Isaac <Gabriel.Isaac@dorsey.com>; Michael J. Harris <harris@sackstierney.com>; Gilbertson, Brittany <Gilbertson.Brittany@dorsey.com>
**Subject:** Early Meeting

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Counsel,
As you know from prior emails, I have set the early meeting for 9/19 at 10am but I am happy to do it any time sooner convenient to your calendar.
Thank you,
Jon