Michael J. Harris (SBN 031489)
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone:  480.425.2600
Harris@sackstierney.com

*Attorney for Defendants James Houston Boone,
Russell Thomas Forney, Ben Stewart Berry, Lafe
Kunkel, Frank Rizzi and Andrew Erickson*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JONATHAN WESLEY BIRDT,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JAMES HOUSTON BOONE; THE UNITED STATES PRACTICAL SHOOTING ASSOCIATION/IPSC; RUSSELL THOMAS FORTNEY; BEN STEWART BERRY; LAFE KUNKEL; FRANK RIZZI, ANDREW R. ERICKSON,<br><br>　　　　Defendants. | Case No. 3:25-cv-08164-ASB<br><br>**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FRCP 12(b)(2)**<br><br>(Assigned to the Hon. Alison S. Bachus)<br><br>[Oral argument requested] |

Defendants James Houston Boone, Russell Thomas Forney, Ben Stewart Berry, Lafe Kunkel, Frank Rizzi and Andrew R. Erickson (the "Individual Defendants") hereby submit their Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2). The Individual Defendants all reside outside of Arizona and are therefore not subject to general jurisdiction. Plaintiff's claims against the Individual Defendants arise entirely out of alleged statements and conduct that occurred outside of Arizona. Indeed, the Individual Defendants did not purposefully direct any case-specific activity—or any activity whatsoever—to Arizona, and Plaintiff's claims do not arise out of or relate to any (non-existent) contact by the Individual Defendants with Arizona. The sole connection between this action and Arizona is that Arizona is where the Plaintiff resides. That is woefully

1    insufficient to establish personal jurisdiction over the Individual Defendants, and the claims

2    against them must therefore be dismissed.

3    **I.    Facts.**

4           The Defendant United States Practical Shooting Association Organization (the

5    "Organization") is a competitive shooting organization. The Organization is a Delaware

6    entity that operates throughout the United States and does not specifically target Arizona.

7    Declarations of the Individual Defendants, attached as Exhibits A-F, ¶¶ 7-8. The Individual

8    Defendants are on the Board of Directors for the Organization. Exhibits A-F, ¶ 6. The

9    Individual Defendants each reside in different states outside of Arizona, have never

10   previously resided in Arizona, have never owned real property in Arizona, and have never

11   conducted any relevant business in Arizona. Exhibits A-F, ¶¶ 2-5. Each of the Individual

12   Defendants are also an Area Director for the Organization, and preside over the following

13   areas, none of which include Arizona:

14          • James Houston Boone – Area 1 Director – Washington, Idaho, Montana,

15             Oregon, Wyoming, Nevada, and Utah.

16          • Andy Erickson – Area 3 Director – North Dakota, South Dakota, Nebraska,

17             Kansas, Minnesota, Iowa, and Missouri.

18          • Lafe Kunkel – Area 5 Director – Wisconsin, Illinois, Michigan, Indiana,

19             Kentucky, Ohio, and West Virginia.

20          • Ben Berry – Area 6 Director – Tennessee, Mississippi, Alabama, Georgia,

21             North Carolina, South Carolina, and Florida.

22          • Frank Rizzi – Area 7 Director – New York, Vermont, New Hampshire, Maine,

23             Massachusetts, Connecticut, and Rhode Island.

24          • Russell Fortney – Area 8 Director – Pennsylvania, New Jersey, Maryland,

25             Delaware, and Virginia.

26   Exhibits A-F, ¶ 9.

27          Plaintiff resides in Arizona and was previously a member of the Organization's Board

28   of Directors. Complaint [Dkt 1], filed August 5, 2025, ¶¶ 1 and 2. The Organization's Board

2

of Directors held a special meeting on March 18, 2025 to vote whether to remove Plaintiff (the "Special Meeting"). Complaint [Dkt 1], filed August 5, 2025, ¶¶ 2-4; Exhibits A-F, ¶ 13. The Special Meeting was held in Wilmington, Delaware, with the majority of the Individual Defendants appearing remotely from their home states via Zoom. Exhibits A-F, ¶ 14. Neither Plaintiff nor anyone else from Arizona was present at the Special Meeting. Exhibits A-F, ¶¶ 15-16. At the Special Meeting, the Organization's Board of Directors voted to terminate Plaintiff's membership with the Organization. Exhibits A-F, ¶ 17. Following the Special Meeting, the Organization posted a notice and meeting minutes on its website regarding the termination of Plaintiff's membership with the Organization. Exhibits A-F, ¶ 18.

Plaintiff has now asserted claims against the Individual Defendants for: (1) Defamation, and (2) Breach of Fiduciary Duty. *See generally* Complaint [Dkt 1], filed August 5, 2025. Plaintiff alleges that the Individual Defendants (and Organization) defamed him in connection with the Organization posting allegedly false and harmful statements in the notice and meeting minutes posted on the Organization's website. *Id.* Plaintiff further alleges that the Individual Directors breached their fiduciary duty by voting to remove Plaintiff at the Special Meeting in Delaware. *Id.*

Plaintiff has failed to allege any ties between this action and Arizona other than Arizona being the state in which Plaintiff resides. Moreover, Plaintiff ignores the fact that any statements allegedly made by or actions allegedly taken by the Individual Defendants were taken in their capacity as Board Members for the Organization, not in their personal capacity. Exhibits A-F, ¶ 19. As set forth above, none of the alleged statements and conduct of the Individual Defendants occurred in, involved, or was directed to Arizona, and the claims against the Individual Defendants must therefore be dismissed. Exhibits A-F, ¶ 20.

## II. This Court lacks the requisite minimum contacts with Individual Defendants to exercise personal jurisdiction.

### A. Plaintiff bears the burden of establishing personal jurisdiction.

When a defendant moves to dismiss an action pursuant to Rule 12(b)(2) for lack of

4214563

personal jurisdiction, **the burden shifts to the plaintiff** to show that Arizona courts may exercise personal jurisdiction over the non-resident defendant. *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *Maloof v. Raper Sales, Inc.*, 113 Ariz. 485, 487, 557 P.2d 522, 524 (1976); *In re Consolidated Zicam Product Liability Cases*, 212 Ariz. 85, 89-90, 127 P.3d 903, 907-08 (App. 2006). Plaintiff **may not rest on the bare allegations of his complaint**, but must present evidence that establishes personal jurisdiction. *Maloof*, 113 Ariz. at 487, 557 P.2d at 524; *Zicam Product Liability Cases*, 212 Ariz. at 89-90, 127 P.3d at 907-08. Indeed, the "mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a non-resident defendant. **Facts, not mere allegations, must be the touchstone.**" *Chem Lab Prods., Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977) (emphasis added) (citing *Taylor v. Portland Paramount Corp.*, 383 F.2d 634, 639 (9th Cir. 1967)). If Plaintiff is **unable to make a *prima facie* showing of personal jurisdiction**, the court must dismiss the action as to the non-resident defendant. *Maloof*, 113 Ariz. at 487, 557 P.2d at 524; *Beverage v. Pullman & Comley*, LLC, 232 Ariz. 414, 417, 306 P.3d 71, 74 (App. 2013), *aff'd as modified*, 234 Ariz. 1, 316 P.3d 590 (2014).

Here, Plaintiff cannot meet his burden to establish that this Court has personal jurisdiction over the Individual Defendants.

## B.    Jurisdictional principles in general.

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *LNS Enterprises, LLC v. Continental Motors, Inc.*, 22 F. 4th 852, 858 (9th Cir. 2022) (quoting *Daimler AG v. Bauman*, 571 U.S. 117 (2014)). While Ariz. R. Civ. P. 4.2(a) allows Arizona courts to exercise personal jurisdiction over parties outside the state to the maximum extent permitted by the United States Constitution, the Fourteenth Amendment's Due Process Clause "sets the outer boundaries of a [court's] authority" and limits a court's jurisdiction over non-resident defendants. *Goodyear Dunlop Tires v. Brown*, 564 U.S. 915, 131 S. Ct. 2846, 2853 (2011); *Williams v. Lakeview Co.*, 199 Ariz. 1, 3, 13 P.3d 280, 282 (2000). The exercise of personal jurisdiction and "the maintenance of the suit [must] not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v.*

4

*Washington*, 326 U.S. 310, 316 (1945) (internal citations omitted); *See also J. McIntyre Machine Ltd. v. Nicastro*, 564 U.S. 873, 131 S. Ct. 2780, 2787 (2011); *Planning Group of Scottsdale, L.L.C. v. Lake Mathews Mineral Properties, Ltd.*, 226 Ariz. 262, 266, 246 P.3d 343, 347 (2011).

A non-resident defendant has a liberty interest in not being subject to the jurisdiction or binding judgments of a forum with which it has established no meaningful "contacts, ties, or relations." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985). Indeed, "[d]ue process limits on the State's adjudicative authority **principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties**." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added) (internal citations omitted). The contacts with the forum state "must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* (internal citations omitted). The United States Supreme Court has "consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

Personal jurisdiction can be either (1) general or (2) specific. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). This Court does not have general or specific jurisdiction over the Individual Defendants.

### C.    The Court does not have general jurisdiction over the Individual Defendants, all of whom reside outside of Arizona.

The exercise of general jurisdiction allows courts to hear any type of case against a foreign defendant because the defendant's continuous activity within that state is "so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014) (internal citations omitted). A court cannot exercise general jurisdiction unless the non-resident defendant's connections with the state are so "continuous and systematic" as to render the defendant "essentially at home in the forum state." *Goodyear Dunlop Tires*, 564 U.S. at 919. "For an individual, **the paradigm forum for the exercise of general**

4214563

**jurisdiction is the individual's domicile**…" *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255, 262 (2017) (emphasis added) (internal citations omitted). Here, there are no allegations in the Complaint nor any evidence in the record to support a finding of general personal jurisdiction. Indeed, none of the Individual Defendants reside in or do business in Arizona. Exhibits A-F, ¶¶ 2-5. Plaintiff must therefore rely on specific jurisdiction.

      **D.**    **Plaintiff cannot establish specific jurisdiction.**

        **i.**    **Plaintiff cannot establish specific jurisdiction under the general test.**

The specific jurisdiction inquiry "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden*, 571 U.S. at 283-84 (internal citations omitted). "In order for a…court to exercise specific jurisdiction, 'the *suit*' must 'aris[e] out of or relat[e] to the defendant's contacts with the *forum*.'" *Bristol-Myers Squibb Co.*, 582 U.S. at 262 (emphasis supplied) (quoting *Daimler*, 571 U.S. at 127). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* (quoting *Goodyear*, 564 U.S. at 919). Casual or accidental contacts by a defendant with the forum state, particularly those not directly related to the asserted cause of action, cannot sustain the exercise of specific jurisdiction. *Planning Group of Scottsdale*, 226 Ariz. 262, 266 (2011). When analyzing specific jurisdiction, "**the 'primary concern' is 'the burden of the defendant**.'" *Bristol-Myers Squibb Co.*, 582 U.S. at 263 (emphasis added) (internal citations omitted).

A court is permitted to exercise specific jurisdiction over a non-resident defendant if:

(1) the defendant purposefully directs his activities to the forum or a resident thereof; or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction is reasonable.

4214563

*Xcentric Ventures, LLC v. Bird*, 683 F.Supp.2d 1068, 1071 (D. Ariz. 2010) (internal citations omitted). These three required elements provide "a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Burger King*, 471 U.S. at 472. They are meant to protect non-resident defendants from being required to appear in a jurisdiction solely as a result of random, fortuitous or attenuated contacts, **or of the unilateral activity of another party or a third person**. *Zicam Product Liability Cases*, 212 Ariz. 85, 127 P.3d at 908 (emphasis added); *accord Planning Group of Scottsdale*, 226 Ariz. at 266, 246 P.3d at 347. The plaintiff must establish that the defendant's contacts with the forum make it reasonable to require the non-resident to defend the particular suit brought in the forum. *Planning Group of Scottsdale*, 226 Ariz. at 266-68, 246 P.3d at 347-49.

Here, Plaintiff alleges in the Complaint that "[t]he cause of action arose in the Prescott division." Complaint [Dkt 1], filed August 5, 2025, ¶ 1. Plaintiff's sole "support" for that allegation is: (1) that *Plaintiff* resides in Arizona, (2) that the Organization posted notice of Plaintiff's removal on its website (that Plaintiff admits is available "throughout the country"), and (3) that the Organization sent an email "throughout the country to the 40,000 members of the Organization" providing notice of the removal. Complaint [Dkt 1], filed August 5, 2025, ¶¶ 1 and 5. The fact that Plaintiff resides in Arizona is irrelevant, and the fact that a notice was posted on the Organization's website and in an email to its members—neither of which were directed to or had any relation with Arizona—are woefully insufficient to establish jurisdiction over the Individual Defendants. To the contrary, as set forth *supra* ,the case law is clear that it is the Individual Defendant's contacts with Arizona that are dispositive. The Individual Defendants' do not have any relevant contacts with Arizona, let alone contacts related to the case at bar.

Indeed, the Individual Defendants did not purposefully direct any activities to Arizona, nor did they purposefully avail themselves of the privilege of conducting any activity in Arizona. Exhibits A-F, ¶¶ 13-20. None of the alleged conduct occurred in Arizona, nor was it in any way related to Arizona. *Id.* As such, it would be patently unreasonable for this Court to exercise personal jurisdiction over the Individual Defendants for alleged

statements and conduct that occurred wholly outside of Arizona, and such an exercise would constitute a significant and impermissible burden to the Individual Defendants. *Id.*

        **ii.**    **Plaintiff cannot establish specific jurisdiction under the "effects test" utilized by courts for intentional torts such as defamation claims.**

In defamation cases, courts have used an effects test to determine whether they have specific jurisdiction over a non-resident defendant:

> To meet the "effects test" for personal jurisdiction established by *Calder,* a defendant must have:
>
> (1) committed an intentional act, which was
>
> (2) expressly aimed at the forum state, and
>
> (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state.

*Bird*, 683 F.Supp.2d at 1072 (internal citations omitted). "Under this test, **intentionally placing defamatory information on the internet is not, by itself, sufficient to subject the author or the owner of the website to personal jurisdiction in the state where the defamed party resides**." *Id.* (emphasis added). To establish personal jurisdiction, **"[t]he defendant also must have 'expressly aimed' the intentional tort at the forum state**, with the knowledge that the resulting harm is likely to be suffered in that state." *Id.* (emphasis added).

The facts in the case at bar are similar to those in *Bird*, in which the "Plaintiffs allege[d] Defendants published an article on the internet that defames Plaintiffs" who resided in Arizona. *Id.* at 1071. "Plaintiffs contend[ed] that the publication of the article act subjects Defendants to personal jurisdiction in this forum because it was 'targeted at Plaintiffs in Arizona' and intended to cause harm to Plaintiffs 'in Arizona.'" *Id.* To establish jurisdiction, the plaintiffs in *Bird* relied heavily on the fact that the defendants knew that the plaintiffs resided in Arizona at the time the article was published:

> Apart from alleging Defendants knew Plaintiffs were Arizona residents when the article was published, Plaintiffs have not alleged any facts to support a connection between Arizona and the article…Plaintiffs thus suggest that intentional defamation on the internet, combined with knowledge of the defamed individual's residence, is sufficient to satisfy the Calder effects test for personal jurisdiction.

4214563

*Id.* at 1073. The court in *Bird* rejected the plaintiffs' argument that the defendants publishing the article with knowledge that plaintiffs resided in Arizona subjected defendants to jurisdiction in Arizona:

> As in these cases, the Plaintiffs in this case have alleged no connection between the allegedly defamatory article and the forum other than that the article was about Plaintiffs and Defendants knew Plaintiffs resided in Arizona. In accord with these cases, this Court finds that Plaintiffs have not met their burden under the second prong of the *Calder* "effects test" of showing Defendants expressly aimed the allegedly defamatory article at Arizona.

> Because Plaintiffs have thus not met their burden of establishing that Defendants purposefully directed their allegedly defamatory article at Arizona (or purposefully availed themselves of the forum), this Court lacks specific personal jurisdiction over Defendants.

*Id.* at 1075.

Here, the facts are the same as in *Bird*. Following the Special Meeting in Delaware, the Organization—a Delaware entity—allegedly posted a notice and meeting minutes on its website providing notice of Plaintiff's removal. Exhibits A-F, ¶¶ 13-20. Even assuming *arguendo* the foregoing constituted defamation and/or a breach of fiduciary duty—and it was neither—none of the alleged statements/conduct were expressly aimed at Arizona. Exhibits A-F, ¶¶ 8 and 18-20. Indeed, Arizona played absolutely no part in this dispute apart from being the state in which Plaintiff resides. Pursuant to the clear holding in *Bird*, that is wholly insufficient to establish personal jurisdiction over the Individual Defendants. As in *Bird*, the Individual Defendants must be dismissed as this Court lacks specific personal jurisdiction over the Individual Defendants.

## III.     CONCLUSION.

Based on the foregoing, the Individual Defendants respectfully request the Court dismiss the claims against them in their entirety pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

4214563

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED this 2nd day of September, 2025.

SACKS TIERNEY P.A.

By: /s/ Michael J. Harris
Michael J. Harris
Attorney for Defendants James Houston
Boone, Russell Thomas Forney, Ben Stewart
Berry, Lafe Kunkel, Frank Rizzi and Andrew
Erickson

4214563

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 2nd day of September, 2025, I electronically transmitted the attached document to the following CM/ECF registrants:

Jonathan Wesley Birdt/Plaintiff: jonbirdt@icloud.com

Isaac M. Gabriel:                 Gabriel.isaac@dorsey.com

Britanny M. Gilbertson:        Gilbertson.brittany@dorsey.com

By: */s/ Tessa Joyce*

4214563

# EXHIBIT A

## DECLARATION OF JAMES HOUSTON BOONE

I declare under penalty of perjury that the following is true and correct:

1.      I am of legal age and competent to testify. I make the statements in this declaration based on my personal knowledge of the facts set forth herein or based on information about which I have been reliably informed and understand to be true.

2.      I reside at 725 5th St, Lake Oswego, Oregon 97034-2309.

3.      I have never resided in Arizona.

4.      I have never owned real property Arizona.

5.      I have never conducted business in Arizona aside from unrelated business trips in the late 1990s and early 2000s.

6.      I am on the Board of Directors for the United States Practical Shooting Association (the "Organization").

7.      The Organization is a Delaware entity.

8.      The Organization operates throughout the United States and does not specifically target Arizona.

9.      I am the Area 1 Director for the Organization, which includes the following states: Alaska, Washington, Idaho, Montana, Oregon, Wyoming, Nevada, and Utah.

10.     The Organization is a defendant in the action filed by the plaintiff Jonathan Wesley Birdt ("Plaintiff") in District of Arizona case no. CV25-08164-PCT-ASB (the "Lawsuit").

11.     Plaintiff has also asserted claims against me individually in the Lawsuit.

12.     I have reviewed the Complaint filed by the Plaintiff in the Lawsuit.

13.     The Complaint references a Special Meeting of the USPSA held on March 18, 2025 (the "Special Meeting").

14.     The Special Meeting was held in Wilmington, Delaware, and I appeared in person in Delaware.

15.     Plaintiff was not present at the Special Meeting.

16.     No one from Arizona was present at the Special Meeting.

17.     At the Special Meeting, the Organization's Board of Directors voted to terminate Plaintiff's membership with the Organization.

18.     Following the Special Meeting, the Organization posted a notice on its website regarding the termination of Plaintiff's membership with the Organization.

19.     Any statements that I allegedly made or actions that I allegedly took as described in the Complaint were made in my capacity as Board Member for the Organization, and not in my personal capacity.

20.     None of those alleged statements or actions were targeted to or expressly aimed at Arizona.

Signed by:

*Jim Boone*

—0AA9B83D8888A498—

JAMES HOUSTON BOONE

Date: 8/29/2025

# EXHIBIT B

## DECLARATION OF ANDREW R. ERICKSON

I declare under penalty of perjury that the following is true and correct:

1.      I am of legal age and competent to testify. I make the statements in this declaration based on my personal knowledge of the facts set forth herein or based on information about which I have been reliably informed and understand to be true.

2.      I reside at 4400 S. Mountain Ash Dr., Sioux Falls, South Dakota, 57103.

3.      I have never resided in Arizona.

4.      I have never owned real property Arizona.

5.      I have never conducted business in Arizona.

6.      I am on the Board of Directors for the United States Practical Shooting Association (the "Organization").

7.      The Organization is a Delaware entity.

8.      The Organization operates throughout the United States and does not specifically target Arizona.

9.      I am the Area 3 Director for the Organization, which includes the following states: North Dakota, South Dakota, Nebraska, Kansas, Minnesota, Iowa, and Missouri.

10.      The Organization is a defendant in the action filed by the plaintiff Jonathan Wesley Birdt ("Plaintiff") in District of Arizona case no. CV25-08164-PCT-ASB (the "Lawsuit").

11.      Plaintiff has also asserted claims against me individually in the Lawsuit.

12.      I have reviewed the Complaint filed by the Plaintiff in the Lawsuit.

13.      The Complaint references a Special Meeting of the USPSA held on March 18, 2025 (the "Special Meeting").

14.      The Special Meeting was held in Wilmington, Delaware, and I appeared remotely from my home state of South Dakota via Zoom.

15.      Plaintiff was not present at the Special Meeting.

16.      No one from Arizona was present at the Special Meeting.

17.      At the Special Meeting, the Organization's Board of Directors voted to terminate Plaintiff's membership with the Organization.

18.      Following the Special Meeting, the Organization posted a notice on its website regarding the termination of Plaintiff's membership with the Organization.

19.     Any statements that I allegedly made or actions that I allegedly took as described in the Complaint were made in my capacity as Board Member for the Organization, and not in my personal capacity.

20.     None of those alleged statements or actions were targeted to or expressly aimed at Arizona.

Signed by:

_____

ANDREW R. ERICKSON

Date: 9/2/2025 _____

4216785

**EXHIBIT C**

## DECLARATION OF LAFE KUNKEL

I declare under penalty of perjury that the following is true and correct:

1.      I am of legal age and competent to testify. I make the statements in this declaration based on my personal knowledge of the facts set forth herein or based on information about which I have been reliably informed and understand to be true.

2.      I reside at 568 Shawnee Run Rd., Harrodsburg, Kentucky 40330.

3.      I have never resided in Arizona.

4.      I have never owned real property Arizona.

5.      I have never conducted business in Arizona aside from occasionally shipping products to individuals in Arizona in connection with an unrelated e-commerce business.

6.      I am on the Board of Directors for the United States Practical Shooting Association (the "Organization").

7.      The Organization is a Delaware entity.

8.      The Organization operates throughout the United States and does not specifically target Arizona.

9.      I am the Area 5 Director for the Organization, which includes the following states: Wisconsin, Illinois, Michigan, Indiana, Kentucky, Ohio, and West Virginia.

10.      The Organization is a defendant in the action filed by the plaintiff Jonathan Wesley Birdt ("Plaintiff") in District of Arizona case no. CV25-08164-PCT-ASB (the "Lawsuit").

11.      Plaintiff has also asserted claims against me individually in the Lawsuit.

12.      I have reviewed the Complaint filed by the Plaintiff in the Lawsuit.

13.      The Complaint references a Special Meeting of the USPSA held on March 18, 2025 (the "Special Meeting").

14.      The Special Meeting was held in Wilmington, Delaware, and I appeared remotely from my home state of Kentucky via Zoom.

15.      Plaintiff was not present at the Special Meeting.

16.      No one from Arizona was present at the Special Meeting.

17.      At the Special Meeting, the Organization's Board of Directors voted to terminate Plaintiff's membership with the Organization.

18.    Following the Special Meeting, the Organization posted a notice on its website regarding the termination of Plaintiff's membership with the Organization.

19.    Any statements that I allegedly made or actions that I allegedly took as described in the Complaint were made in my capacity as Board Member for the Organization, and not in my personal capacity.

20.    None of those alleged statements or actions were targeted to or expressly aimed at Arizona.

Signed by:

*lafe kunkel*

C80524B456C54A4

LAFE KUNKEL

Date: 8/29/2025

**EXHIBIT D**

## DECLARATION OF BEN STEWART BERRY

I declare under penalty of perjury that the following is true and correct:

1.      I am of legal age and competent to testify. I make the statements in this declaration based on my personal knowledge of the facts set forth herein or based on information about which I have been reliably informed and understand to be true.

2.      I reside at 309 Silverhawk Ln., Durham, NC 27703-1127.

3.      I have never resided in Arizona.

4.      I have never owned real property Arizona.

5.      I have never conducted business in Arizona.

6.      I am on the Board of Directors for the United States Practical Shooting Association (the "Organization").

7.      The Organization is a Delaware entity.

8.      The Organization operates throughout the United States and does not specifically target Arizona.

9.      I am the Area 6 Director for the Organization, which includes the following states: Tennessee, Mississippi, Alabama, Georgia, North Carolina, South Carolina, and Florida.

10.     The Organization is a defendant in the action filed by the plaintiff Jonathan Wesley Birdt ("Plaintiff") in District of Arizona case no. CV25-08164-PCT-ASB (the "Lawsuit").

11.     Plaintiff has also asserted claims against me individually in the Lawsuit.

12.     I have reviewed the Complaint filed by the Plaintiff in the Lawsuit.

13.     The Complaint references a Special Meeting of the USPSA held on March 18, 2025 (the "Special Meeting").

14.     The Special Meeting was held in Wilmington, Delaware, and I appeared remotely from my home state of North Carolina via Zoom.

15.     Plaintiff was not present at the Special Meeting.

16.     No one from Arizona was present at the Special Meeting.

17.     At the Special Meeting, the Organization's Board of Directors voted to terminate Plaintiff's membership with the Organization.

18.     Following the Special Meeting, the Organization posted a notice on its website regarding the termination of Plaintiff's membership with the Organization.

Docusign Envelope ID: C06DAEA0-8EF9-43FE-953F-9BC1CD0459AA

19.    Any statements that I allegedly made or actions that I allegedly took as described in the Complaint were made in my capacity as Board Member for the Organization, and not in my personal capacity.

20.    None of those alleged statements or actions were targeted to or expressly aimed at Arizona.

Signed by:

*Ben Berry*

9BA176680D094D7

BEN STEWART BERRY

Date: 8/29/2025

# EXHIBIT E

Docusign Envelope ID: AA3B46EC-AA57-4D4A-A064-6A6B61C4EF0D

## DECLARATION OF FRANK RIZZI

I declare under penalty of perjury that the following is true and correct:

1.      I am of legal age and competent to testify. I make the statements in this declaration based on my personal knowledge of the facts set forth herein or based on information about which I have been reliably informed and understand to be true.

2.      I reside at 110 Ada Dr., Staten Island, NY 10314-1402.

3.      I have never resided in or even visited Arizona.

4.      I have never owned real property Arizona.

5.      I have never conducted business in Arizona.

6.      I am on the Board of Directors for the United States Practical Shooting Association (the "Organization").

7.      The Organization is a Delaware entity.

8.      The Organization operates throughout the United States and does not specifically target Arizona.

9.      I am the Area 7 Director for the Organization, which includes the following states: New York, Vermont, New Hampshire, Maine, Massachusetts, Connecticut, and Rhode Island.

10.      The Organization is a defendant in the action filed by the plaintiff Jonathan Wesley Birdt ("Plaintiff") in District of Arizona case no. CV25-08164-PCT-ASB (the "Lawsuit").

11.      Plaintiff has also asserted claims against me individually in the Lawsuit.

12.      I have reviewed the Complaint filed by the Plaintiff in the Lawsuit.

13.      The Complaint references a Special Meeting of the USPSA held on March 18, 2025 (the "Special Meeting").

14.      The Special Meeting was held in Wilmington, Delaware, and I appeared in person in Delaware.

15.      Plaintiff was not present at the Special Meeting.

16.      No one from Arizona was present at the Special Meeting.

17.      At the Special Meeting, the Organization's Board of Directors voted to terminate Plaintiff's membership with the Organization.

18.      Following the Special Meeting, the Organization posted a notice on its website regarding the termination of Plaintiff's membership with the Organization.

4214600

4216803

Docusign Envelope ID: AA3B46EC-AA57-4D4A-A064-6A6B61C4EF0D

19.     Any statements that I allegedly made or actions that I allegedly took as described in the Complaint were made in my capacity as Board Member for the Organization, and not in my personal capacity.

20.     None of those alleged statements or actions were targeted to or expressly aimed at Arizona.

Signed by:

FRANK RIZZI

Date: 9/2/2025

4214600

4216803

# EXHIBIT F

## DECLARATION OF RUSSELL FORTNEY

I declare under penalty of perjury that the following is true and correct:

     1.     I am of legal age and competent to testify. I make the statements in this declaration based on my personal knowledge of the facts set forth herein or based on information about which I have been reliably informed and understand to be true.

     2.     I reside at 804 Mallet Hill Lane, Millersville, MD 21108.

     3.     I have never resided in Arizona.

     4.     I have never owned real property Arizona.

     5.     I have never conducted business in Arizona.

     6.     I am on the Board of Directors for the United States Practical Shooting Association (the "Organization").

     7.     The Organization is a Delaware entity.

     8.     The Organization operates throughout the United States and does not specifically target Arizona.

     9.     I am the Area 8 Director for the Organization, which includes the following states: Pennsylvania, New Jersey, Maryland, Delaware, and Virginia.

     10.     The Organization is a defendant in the action filed by the plaintiff Jonathan Wesley Birdt ("Plaintiff") in District of Arizona case no. CV25-08164-PCT-ASB (the "Lawsuit").

     11.     Plaintiff has also asserted claims against me individually in the Lawsuit.

     12.     I have reviewed the Complaint filed by the Plaintiff in the Lawsuit.

     13.     The Complaint references a Special Meeting of the USPSA held on March 18, 2025 (the "Special Meeting").

     14.     The Special Meeting was held in Wilmington, Delaware, and I appeared remotely from my home state of Oregon via Zoom.

     15.     Plaintiff was not present at the Special Meeting.

     16.     No one from Arizona was present at the Special Meeting.

     17.     At the Special Meeting, the Organization's Board of Directors voted to terminate Plaintiff's membership with the Organization.

     18.     Following the Special Meeting, the Organization posted a notice on its website regarding the termination of Plaintiff's membership with the Organization.

4216812

19.     Any statements that I allegedly made or actions that I allegedly took as described in the Complaint were made in my capacity as Board Member for the Organization, and not in my personal capacity.

20.     None of those alleged statements or actions were targeted to or expressly aimed at Arizona.

Signed by:

RUSSELL THOMAS FORTNEY

Date: 9/2/2025