Jonathan W. Birdt
1563 Bello Monte Drive
Prescott, AZ, 86301
928-800-2002
Birdtjon@gmail.com

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Wesley Birdt,<br><br>Plaintiff,<br><br>vs.<br><br>James Houston Boone; The United States Practical Shooting Association/IPSC; Russell Thomas Fortney; Ben Stewart Berry; Lafe Kunkel; Frank Rizzi, Andrew R. Erickson<br><br>Defendants | Case No.: 3:25-cv-08164-ASB<br><br><br>OPPOSITION TO MOTION TO DISMISS BY JAMES HOUSTON BOONE; RUSSELL THOMAS FORTNEY; BEN STEWART BERRY; LAFE KUNKEL; FRANK RIZZI, ANDREW R. ERICKSON |

## I.   Introduction

Defendants contends that because they emailed 40,000 members across the Country with their false allegations, and then posted them on a webpage available across the Country that they are all somehow immune from liability in any State? The Complaint clearly alleges that these statements were made directly to all of the members of Yavapai county and across the State. Moreover, discovery will reveal additional emails sent directly to clubs and members in the State discussing and repeating the defamatory publications as a result of a recall election they launched in the State targeting Plaintiff, even though there is no such recall provision in the bylaws.

BIRDT V. USPSA - 1

Defendants argument that emailing everyone with their defamatory comments, vitiates the impact on the thousands of members in Arizona that received those false statements is just false logic.  Under the 9th Circuit ruling discussed herein, but not in the moving papers, Defendants conduct and the narrow scope of the claims asserted clearly establish jurisdiction.  Carried out logically, Defendants are contending that because they shared the statements with all 50 States, there isn't Jurisdiction anywhere in the US, but it this exact fact pattern that forms the basis for diversity jurisdiction, and as set forth by the 9th Circuit, Personal Jurisdiction for defamatory statements made in the state (which Defendant admits).  Reading the moving papers, Defense Counsel states "Plaintiff has failed to allege any ties between this action and Arizona other than Arizona being the state in which Plaintiff resides.".  This statement by defense counsel is somewhat bizarre given that Paragraph 5 of the complaint specifically alleges the direct and local statements made by the Defendants:

> The Directors, through their voluntary employment with The Organization acted in concert knowing that their materially false statements would be emailed and posted on The organization website in Prescott, Arizona and throughout the country to the 40,000 Members of the Organization.  Defendants also sent direct emails to Members in Prescott, Arizona and throughout the Country knowing those false statements would cause harm to Plaintiff. Or the fact that they directly communicated with Plaintiff's club in Prescott, Arizona confirming that he was prohibited from participating in the sport because of their actions.  The Complaint and facts are clear that Defendants made defamatory statements to thousands of members in the State of Arizona and directly to Plaintiff's home club.

In addition to the allegations in the Complaint, Plaintiff could amend the complaint to add additional detailed facts as needed and as set forth herein:  Plaintiff is a member of Prescott Action Shooters, a Prescott private shooting range where he regularly competes in practical shooting events under the auspices of the Defendant Organization.  Because of the defamation alleged herein, Plaintiff has been precluded from participating in events thereat.  Plaintiff was elected as a Director of the organization by the members in Arizona and when he was wrongfully removed by Defendants, Defendants thereafter repeatedly published their defamatory statements in the State to its membership.  Defendants made public web postings,

BIRDT V. USPSA - 2

sent direct emails and through its acting president, Jim Boone, sent direct messages targeted specifically to the voters in Arizona in an attempt to influence their recall petition, citing again the defamatory statements. There can be no doubt that Defendants specifically targeted and repeated the defamatory statements to all of the members residing in Arizona and then specifically affirmed to Plaintiff's club locally that he was barred from competing in local events at the club because of the Defamatory statements they made.

## II. The 9th Circuit has Ruled on this Issue

Curiously, Defendants does not cite to *Burri L. PA v. Skurla*, the exact case on point to the issue presented, and instead obfuscates with references to unrelated precedence. Defendant also does not dispute any aspect of the claims asserted and instead simply contends that this court has no personal jurisdiction, but personal jurisdiction is governed by State law and Arizona has clearly established that personal jurisdiction exists for knowingly false statements intentionally published in the State.

The Ninth Circuit Court of Appeals held that an Arizona district court erred in dismissing a defamation suit for lack of personal jurisdiction in *Burri L. PA v. Skurla*, No. 21-15271, 2022 WL 1815827 (9th Cir. June 3, 2022). This case involved defamatory statements by 3 out of State individuals to 3 in state residents. Plaintiff herein alleges direct statements made to thousands of members in the State.

In Arizona, due process requires that non-resident defendants have sufficient "minimum contacts" with Arizona to establish specific personal jurisdiction. *See Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). In intentional tort cases, the Ninth Circuit has interpreted the "minimum contacts" inquiry as satisfied when the defendant (1) purposefully directed activities toward the forum state, (2) the plaintiff's claim arises out of or relates to those activities, and (3) an exercise of jurisdiction would be reasonable. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). If the plaintiff establishes the first two components of this inquiry, the burden shifts to the defendant to "present a compelling case that the exercise of jurisdiction would not be reasonable." *LNS*

BIRDT V. USPSA - 3

*Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022) (quoting *Axiom Foods, Inc. v. Acerchem Int'l Inc.*, 874 F.3d 1064, 1068-69 (9th Cir. 2018)).

  The Ninth Circuit uses the *Calder* effects test to analyze the first component of the "minimum contacts" inquiry. *See Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). In *Calder v. Jones,* the Supreme Court employed a three-part test to establish personal jurisdiction in an intentional tort suit, and this test focuses on harm caused by the defendant. *See Calder v. Jones*, 465 U.S. 783, 788-89 (1984). The Supreme Court recently clarified the scope of the *Calder* effects test by explaining that courts cannot look solely at the harm caused by the defendant and must also consider the defendant's conduct and contact with the forum state. *See Walden v. Fiore*, 571 U.S. 277, 289-90 (2014). The Ninth Circuit applies the *Calder* effects test to the first component of the traditional "minimum contacts" inquiry. The *Calder* effects test states that a defendant has purposefully directed conduct at the forum state if they (1) commit an intentional act, (2) expressly aimed at the forum state, that (3) causes harm the defendant knew was likely to be suffered in the forum state. Defendants communication of these defamatory statements could not be more directly aimed at Arizona with the intended effect of barring Plaintiff from competing in local club weekend matches.

  Defendant's suggestion that it aimed its' conduct at all 50 States instead of just Arizona is simply disingenuous. Defendant specifically targeted and directed their conduct to Arizona and 49 other States, but their conduct had the most profound effect in Arizona. Taken to its' logical conclusion, Defendant would not be subject to personal jurisdiction anywhere in the United States if their position were to be accepted.

  In *Burri*, Id., the district court found that Defendants did not purposefully direct conduct toward Arizona sufficient to satisfy the first component of the due process "minimum contacts" test. The district court subsequently granted Defendants' motion to dismiss for lack of personal jurisdiction without addressing the other two components of the test. In addressing whether Defendants had purposefully directed activities toward Arizona, the Ninth Circuit applied the *Calder* effects test, and held that the first part of the *Calder* effects test was met. An act will

BIRDT V. USPSA - 4

be found to target the forum state if the purpose is to cause harm in the forum state. *See Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257 (9th Cir. 1989). In *Burri*, Id., as in the instant action, Plaintiff alleged that Defendants' intended conduct and communications included written correspondence Plaintiff's activities in Arizona. According to the Ninth Circuit, the third part of the *Calder* effects test was satisfied. By circulating statements about Plaintiff in Arizona, Defendants knew or should have known that this conduct would negatively affect Plaintiff's reputation in that state. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984).

### III. Conclusion

There can be no doubt that Defendant knew their statements published to residents of Arizona would harm Plaintiff in Arizona, most specifically, Defendant does not dispute that its' conduct has precluded Plaintiff from engaging in his usual hobby and has subjecting him to ridicule in the community where he lives.

September 2, 2025

_____
Jonathan W. Birdt

BIRDT V. USPSA - 5