Isaac M. Gabriel (#021780)
gabriel.isaac@dorsey.com
Brittany M. Gilbertson (#032641)
gilbertson.brittany@dorsey.com
**DORSEY & WHITNEY LLP**
2325 East Camelback Road, Suite 900
Phoenix, AZ 85016
Telephone: (602) 735-2700

Trent Colbert (admitted *pro hac vice*)
colbert.trent@dorsey.com
**DORSEY & WHITNEY LLP**
701 Fifth Avenue, Suite 6100
Seattle, WA 98104-7043
Telephone: (206) 903-2408

*Attorneys for Defendant The United States Practical Shooting Association/IPSC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Wesley Birdt,<br><br>  Plaintiff,<br><br>v.<br><br>James Houston Boone; The United States Practical Shooting Association/IPSC; Russell Thomas Fortney; Ben Stewart Berry; Lafe Kunkel; Frank Rizzi; Andrew R. Erickson,<br><br>  Defendants. | Case No. CV-25-08164-PCT-ASB<br><br>**THE UNITED STATES PRACTICAL SHOOTING ASSOCIATION'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL EARLY MEETING OF COUNSEL ON SEPTEMBER 19, 2025 OR WITHIN FIVE DAYS OF RULING** |

With Defendants' motions to dismiss for lack of personal jurisdiction (jointly, the "Dismissal Motions") pending, Plaintiff Jonathan Wesley Birdt moves to compel Defendants to hold an early discovery planning meeting under Rule 26(f), Federal Rule of Civil Procedure. Plaintiff's Motion to Compel Early Meeting (the "Motion to Compel") must be denied. First, Plaintiff deliberately ignored his obligation to personally confer with counsel for Defendant United States Practical Shooting Association ("USPSA") before filing the Motion—a strict requirement for all discovery motions under Local Rule 7.2(j). Second, the Motion to Compel fails substantively.

4903-4169-9688\3

Indeed, Plaintiff fails to inform this Court that USPSA's counsel *agreed* to conduct the very Rule 26(f) meeting Plaintiff now seeks to compel. However, because the Dismissal Motions raise a threshold jurisdictional issue as to whether this Court even has personal jurisdiction over Defendants, USPSA's counsel informed Plaintiff there was good cause to delay holding a Rule 26(f) planning meeting or otherwise proceeding with discovery until after the Dismissal Motions were resolved. Rather than hold a meet and confer or the Rule 26(f) meeting as offered, Plaintiff rushed to file the Motion to Compel less than an hour later. Accordingly, the Motion to Compel should be denied and the Rule 26(f) meeting should be postponed until after the Dismissal Motions are resolved.[1]

I. **PROCEDURAL BACKGROUND**

Plaintiff filed the Complaint for Defamation, Breach of Fiduciary Duty and Declaratory Relief on August 5th, 2025. *See* Complaint (Doc. 1). Defendants were served the Complaint and related summonses on various dates between August 9, 2025, and August 19, 2025, with USPSA being served on August 12, 2025. *See* Proofs of Service (Docs. 13-14 and 16-20). On August 29, 2025, USPSA filed its Motion to Dismiss urging dismissal on the ground this Court lacks personal jurisdiction over USPSA. *See* USPSA Motion to Dismiss (Doc. 21).[2] Plaintiff filed his Opposition to the USPSA Motion to Dismiss the same day. *See* Opposition to USPSA Motion to Dismiss (Doc. 24).

Later on August 29th, and before the Individual Defendants had even appeared in the case, Plaintiff emailed all Defendants' counsel advising that he had "set the early meeting for 9/19 at 10am" but offering to schedule the meeting sooner if convenient. *See* Email exchange attached hereto as **Exhibit 1** at p. 3. USPSA's counsel, Isaac Gabriel, responded, proposing the parties wait to hold the early meeting until after the pending Dismissal Motions were resolved, explaining, "[t]he pleadings are not closed and we may

---

[1] By filing this Response, USPSA does not waive and hereby expressly incorporates its objections to this Court's exercise of personal jurisdiction over USPSA as set forth in its Motion to Dismiss [Doc. 21] and Reply in Support of Motion to Dismiss [Doc. 31].

[2] The remaining Defendants (together the, "Individual Defendants") filed their Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(6) on September 2, 2025. *See* Individual Defendants' Motion to Dismiss (Doc. 26).

2

not even be in this court." *Id.* Plaintiff responded on August 31st, rejecting counsel's reasoning and continuing to insist the discovery planning meeting be held on September 19th or earlier. *Id.* at p. 2. The following day, on September 1st, again, *before* the Individual Defendants had even appeared, Plaintiff sent a separate email attaching a draft Report of Early Meeting, Initial Disclosures, and written discovery requests. *See* Motion to Compel (Doc. 25) at p. 6. Plaintiff again relayed his desire to hold the Rule 26(f) meeting on September 19th or sooner. *Id.*

On September 2nd, Mr. Gabriel responded to the earlier email chain explaining to Plaintiff that no Rule 16 scheduling conference had been set, nor had the Court set a deadline to submit a scheduling order. *See* Ex. 1 at pp. 1-2. Mr. Gabriel further advised that it would be impractical to set a discovery schedule "when we do not even know when the motion to dismiss will be ruled upon or whether we will be in this forum." *Id.* at p. 1. Mr. Gabriel concluded his email by offering to meet and confer on the issue. *Id.* at pp. 1-2. In response, Plaintiff stated he would proceed with filing a motion to compel. *Id.* at p. 1. Mr. Gabriel replied, reiterating that he was "happy to have an early meeting/meet and confer" but conveying that Defendants "do not believe discovery should proceed at this time." *Id.* Plaintiff responded to Mr. Gabriel's consent to proceed with the early meeting by advising that he would "serve the motion via ecf." *Id.* Plaintiff filed the Motion to Compel on September 2nd, less than thirty minutes later.

## II. ANALYSIS

### A. Plaintiff failed to personally confer with Defendants' counsel before filing the Motion to Compel.

The Local Rules of Civil Procedure for the District of Arizona mandate that parties personally confer prior to filing any discovery-related motion and further, that parties may be sanctioned for failing to do so. The applicable Local Rule states:

> No discovery motion will be considered or decided unless a statement of moving counsel is attached thereto certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter. Any discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions.

3

LRCiv. 7.2(j). "The requirement to confer contained in LRCiv 7.2(j) is designed to avoid unnecessary litigation of discovery issues that the parties should be able to resolve themselves." *Lapin v. NorthonLifeLock Inc.*, No. CV-22-00759-PHX-MTL, 2022 WL 9408570, at * 1 (D. Ariz. Oct. 14, 2022). "When the court must resolve a dispute that the parties themselves could have resolved, it must needlessly expend resources that it could better utilize elsewhere." *Id.*

The Motion to Compel is a discovery motion. Indeed, it seeks to compel Defendants to participate in a conference under Rule 26(f), which is titled, "**Conference of the Parties; Planning for Discovery**." FRCP 26(f). Plaintiff did not provide the required certification or attempt to meet and confer with Defendants' counsel prior to filing the Motion to Compel, even after USPSA's attorney repeatedly offered to conduct such a conference. *See* Ex. 1 at p. 1 (USPSA's counsel stating, "we are happy to have an early meeting/meet and confer."). Rather than agree to hold the early meeting (or, at least, personally confer with Defendants' counsel as to any perceived dispute), Plaintiff instead rushed to file the Motion to Compel. Because Plaintiff did not comply with Local Rule 7.1(j), the Motion to Compel must be denied. USPSA further requests that the Court sanction Plaintiff by ordering him to reimburse the attorneys' fees and costs USPSA has been needlessly forced to incur because of the pointless Motion.

### B. Good cause exists to postpone the Rule 26(f) meeting.

Rule 26(f) provides, in relevant part, "[e]xcept … when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." FRCP 26(f)(1). Rule 16(b) likewise provides that "**unless the judge finds good cause for delay**, the judge must issue [the scheduling order] within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." FRCP 16(b)(2) (emphasis added).

The earliest date of service on the Defendants here is August 9, 2025. Ninety days from August 9th is November 7, 2025. USPSA first appeared when it filed its Motion to

Dismiss on August 29th. Sixty days from USPSA's date of appearance is <u>October 28th</u>. Thus, the presumptive date for the Court to issue a scheduling order in this case would be October 28th. *See* FRCP 16(b)(2). Because no scheduling conference has been ordered, October 7th is the presumptive deadline for the parties to hold the Rule 26(f) conference. FRCP 26(f)(1). Thus, there is no basis for Plaintiff to insist that the Rule 26(f) conference occur on September 19th, more than two weeks before the deadline.

Nevertheless, the foregoing deadlines "can be extended for 'good cause,' and courts have concluded that the existence of a pending motion to dismiss can qualify as good cause." *Isabel v. Reagan*, No. CV-18-003217-PHX-DWL, 2019 WL 13519919, at *1 (D. Ariz. Feb. 7, 2019) (concluding "the existence of these pending motions constitutes good cause to delay the issuance of the scheduling order and the Rule 26(f) process.") (citing *Jones v. iPawn Parham, LLC*, 2017 WL 6945575, *2 (E.D. Ark. 2017) ("At this juncture in the litigation, defendants have been served, but no defendant filed an answer. Instead, defendants filed a motion to dismiss. The Court found that to be good cause to hold the issuance of an initial scheduling order.")); *see also Pedroli ex rel. Microtune, Inc. v. Bartek*, 251 F.R.D. 229, 230-31 (E.D. Tex. 2007) (granting motion to suspend Rule 26(f) conference because of pending motion to dismiss, reasoning "any scheduling order at this time would be a document without any concrete dates or deadlines.").

Because all Defendants have sought dismissal due to lack of personal jurisdiction, good cause exists to postpone the presumptive scheduling order and Rule 26(f) deadlines until after the Dismissal Motions are resolved. Indeed, if the Dismissal Motions are granted—which Defendants are confident they will be—it will be because this Court agrees Defendants are not subject to personal jurisdiction in this forum. To proceed with the action, Plaintiff will need to file a complaint in another forum. Whether, when, or where such action may be initiated is yet unknown. Thus, as USPSA's counsel repeatedly explained to Plaintiff, it would be impractical to spend time and resources creating a discovery plan and proposed scheduling order that may be of no force or effect. Instead, any Rule 26(f) conference (and subsequent discovery) should be postponed until after the Dismissal

Motions are resolved. Importantly, the Dismissal Motions are fully briefed. To the extent they are denied, there is likely to be little, if any, consequent discovery delay.

Neither of the cases cited in Plaintiff's Motion to Compel warrant a different result. In *Melaleuca, Inc. v. Hansen*, the Idaho District Court ordered the parties to proceed with a Rule 26(f) meeting contemporaneously with its order granting the plaintiff's motion to amend the complaint, finding the plaintiff had properly alleged diversity jurisdiction. 1:10-CV-00553-EJL, 2014 WL 1343452, at *8 (D. Idaho Apr. 3, 2014). Thus, the order to proceed with the Rule 26(f) conference came after the parties' preliminary Rule 12 motions were resolved, which, notably occurred <u>more than three years</u> after the case had been initiated. *Id.* at *5 and *9. In *ATEN Int'l Co. Ltd. V. Emine Tech. Co., Ltd.*, the court for the Eastern District of Texas held that pending motions to dismiss and transfer venue did not excuse the defendant from meaningfully responding to interrogatory requests. 261 F.R.D. 112, 122 (E.D. Tex. 2009). The court's ruling there, however, was based on a local rule entitled "No Excuses" specifically providing "'a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or change venue.'" *Id.* (quoting Local Rule CV-26(a)). No such local rule applies in this district. Therefore, the case is inapposite.

## III. <u>CONCLUSION</u>

Plaintiff's Motion to Compel is premature, unnecessary, and substantively flawed. Plaintiff filed the Motion without personally conferring with Defendants' counsel. For this reason alone, Local Rule 7.1(j) requires the Motion to Compel be denied and supports an award of sanctions against Plaintiff. The Motion to Compel was also inexplicably filed *after* USPSA's counsel specifically consented in writing to conduct the early meeting, and demands the meeting be set more than two weeks before the presumptive deadline prescribed by the applicable Rules. All the foregoing flaws, notwithstanding, the Motion to Compel should be denied because the Dismissal Motions constitute good cause to delay the Rule 16(b)(2) and 26(f)(1) deadlines. Accordingly, USPSA respectfully requests that the Court deny the Motion to Compel and postpone the Rule 26(f) meeting until after the

Dismissal Motions are resolved. USPSA further requests an award of its attorneys' fees and costs as a sanction for Plaintiff's failure to comply with Local Rule 7.1(j).

RESPECTFULLY SUBMITTED this 15th day of September, 2025.

DORSEY & WHITNEY LLP

By: *s/Brittany M. Gilbertson*
    Isaac M. Gabriel
    Brittany M. Gilbertson
    2325 East Camelback Road, Suite 900
    Phoenix, AZ 85016

    Trent Colbert (admitted *pro hac vice*)
    701 Fifth Avenue, Suite 6100
    Seattle, WA 98104-7043

*Attorneys for Defendant The United States Practical Shooting Association/IPSC*

4903-4169-9688\3

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a notice of Electronic Filing to the following CM/ECF registrants:

Jonathan W. Birdt – jonbirdt@icloud.com

Michael J. Harris – michael.harris@sackstierney.com

By: *s/Ashly White*

4903-4169-9688\3