Michael J. Harris (SBN 031489)
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone: 480.425.2600
Harris@sackstierney.com

*Attorney for Defendants James Houston Boone,
Russell Thomas Forney, Ben Stewart Berry, Lafe
Kunkel, Frank Rizzi and Andrew Erickson*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| JONATHAN WESLEY BIRDT, | Case No. 3:25-cv-08164-ASB |
| Plaintiff, | |
| v. | **DEFENDANTS' RESPONSE TO MOTION TO COMPEL EARLY MEETING OF COUNSEL ON SEPTEMBER 19, 2025 OR WITHIN 5 DAYS OF RULING** |
| JAMES HOUSTON BOONE; THE UNITED STATES PRACTICAL SHOOTING ASSOCIATION/IPSC; RUSSELL THOMAS FORTNEY; BEN STEWART BERRY; LAFE KUNKEL; FRANK RIZZI, ANDREW R. ERICKSON, | (Assigned to the Hon. Alison S. Bachus) |
| Defendants. | |

Defendants James Houston Boone, Russell Thomas Forney, Ben Stewart Berry, Lafe Kunkel, Frank Rizzi and Andrew R. Erickson (the "Individual Defendants") hereby submit their Response to Plaintiff's Motion to Compel Early Meeting of Counsel on September 19, 2025 or within 5 days of Ruling [Dkt 25] ("Motion to Compel"), filed September 2, 2025. Both the Individual Defendants and Defendant The United States Practical Shooting Association Organization (the "Organization") have filed respective motions to dismiss for lack of personal jurisdiction [Dkts 21 and 26], which, if successful, would result in this action being dismissed in its entirety, or, in the alternative, some of the Defendants being dismissed from this action. As such, it is premature to permit Plaintiff to serve discovery requests on the Defendants, which is the primary purpose behind the Motion

to Compel.

**I.  Facts.**

This action was filed on August 5, 2025. On August 19, 2025, prior to any of the Defendants or their counsel entering an appearance in this action, Plaintiff sent an email to Defendants stating "[n]ow that all Defendants have been served, per the FRCP we need to have an early meeting to discuss this matter as soon as practicable. As such, please accept this as notice of said early meeting on September 19, 2025 at 10 a.m. Phoenix time via zoom…Should this date note [sic] be acceptable, I am open to anything sooner…" *See* email chain, attached as Exhibit A. In that same email, Plaintiff listed the requests for production and interrogatories that he intended to serve immediately following the early meeting. *Id.* That same day, undersigned counsel responded and stated:

> Thank you. However, it is premature to be discussing the early meeting, as the defendants have just been served, and have not yet filed responsive pleadings. Moreover, going forward, we do not agree to the Plaintiff unilaterally setting dates. Once all Defendants have appeared and filed their responsive pleadings, we can initiate an email amongst counsel and unrepresented parties to find a mutually agreeable date for the early meeting.

*Id.*[1] Plaintiff responded and stated: "Yeah, I disagree, but you can choose not to participate. The rule doesn't say after all that, it says as soon as practicable." *Id.* Undersigned responded and stated: "I understand what the rule says. But, as I said, it is premature to be setting dates when the defendants and their counsel have not yet even appeared in the case. Once they have appeared, we can start an email chain and find a mutually agreeable date for the early meeting." *Id.*

Undersigned continued to make clear that there was no refusal to participate in an early meeting, but that setting an early meeting prior to any of the Defendants even appearing in the case was premature. *See id.* Plaintiff ignored those statements and attempted to mischaracterize undersigned's statements as a refusal to participate, including stating: "[y]ou are free not to participate so I will let you know if an earlier date is chosen. Otherwise, I will

---

[1] At the time this email was sent, undersigned counsel only represented one of the Individual Defendants.

4222811

proceed on the 19th and file a report with the Court that you did not participate because you felt it was premature." *Id.* After receiving that email, undersigned counsel again corrected Plaintiff's misrepresentation and advised him that the email chain would be an exhibit to the Court if Plaintiff made any misrepresentation to the Court alleging that undersigned refused to participate:

> To be clear, I am not refusing to participate in the early meeting. I am telling you (again) that your efforts to rush to an early meeting, on a date that you have unilaterally chosen, is premature when the parties have not yet appeared in the case and have not all retained counsel. Should you attempt to force the parties to an early meeting prior to retaining counsel, or otherwise advise the Court that I have "refused to participate", I will include all of these emails as exhibits to the Court when I advise it of your misrepresentation. I trust that won't be necessary.

> I only reached out today as a courtesy and so that you would direct emails to me. Given that the Defendants have not yet all retained counsel, it is not yet "practicable" to schedule an early meeting. We can schedule in due course when the Defendants have retained counsel.

*Id.*

Following the foregoing email exchange, the remaining Individual Defendants elected to retain undersigned counsel. As such, undersigned counsel called Plaintiff to advise him of the same, and to also request a short three day extension to the responsive pleading deadline for the first Individual Defendant from September 2, 2025 to September 5, 2025 to give undersigned time to get retained and to file a single responsive pleading for all of the Individual Defendants.[2] *See* email chain attached as Exhibit B. Plaintiff not only denied the request, but also demanded that the Individual Defendants provide early disclosures, and threatened undersigned counsel and the Individual Defendants with a metaphorical "baseball bat" if they did not agree:

> Thank you for the call. As I explained, I am in the process of being retained by the remaining individual defendants, in addition to Mr. Boone. On our call, you represented that the current deadline for the individual who was first served is Tuesday, September 2, 2025. I requested a short extension to Friday,

---

[2] Given that some of the remaining Individual Defendants' responsive pleading deadlines were not until later, the three day extension would have constituted an early response for some of the Individual Defendants.

4222811

September 5, 2025 as a professional courtesy. In addition, that would only be an extension for the person who was served earliest in time, and would likely be an early filing for the remainder of the Defendants. You rejected that request for a professional courtesy. **You further advised that you had two things in your hands. The first was an olive branch that you were happy to extend if I sent you early disclosures (which I do not yet even have in my possession). The second was "a baseball bat", which you described as a metaphorical weapon that you were happy to use against my clients and I.** Please be advised that I do not appreciate the threat, and I would prefer that we have a respectful and collegial working relationship. While I do not appreciate the refusal to grant a short extension as a professional courtesy, I would appreciate your professionalism going forward.

*Id.* (emphasis added).

On Friday, August 29, 2025 at 5:23 p.m. before Labor Day weekend, Plaintiff emailed undersigned counsel and counsel for the Organization and again demanded they participate in the early meeting on September 19, 2025, the date unilaterally set by Plaintiff. *See* email chain attached as Exhibit C. After exchanging emails over the weekend, counsel for the Organization emailed Plaintiff at 6:41 a.m. on September 2, 2025 and offered to meet and confer with Plaintiff. *See id.* Plaintiff responded at 6:45 a.m. that Tuesday morning, did not respond to the offer to meet and confer, and instead stated that he "will now file a motion to compel and let the Court know that both defense counsel refused to provide dates for the early meeting." *Id.* Without waiting for a response, Plaintiff filed the Motion to Compel almost immediately. Undersigned counsel responded that same day at 8:18 a.m. and stated: "I see you've already filed the motion, so I won't belabor the point other than to reiterate my prior emails, which are consistent with [the Organization counsel's] emails below. In short, it is premature to move forward with discovery when we do not know whether we will be litigating in this forum. We'll respond to the motion and address the issue with the Court." *Id.*

## II.    There is good cause to extend the deadlines to hold the early meeting and serve discovery.

The Motion to Compel and prior correspondence makes clear that Plaintiff's objective is to hold an early meeting so that he can immediately serve discovery on the Defendants. *See* Exhibits A-C. Permitting Plaintiff to serve discovery prior to the Court ruling on the

4222811

Defendants' Motions to Dismiss is illogical, as it could result in inconsistent obligations if some or all of the Defendants are dismissed—or this case is dismissed in its entirety—while discovery requests remain outstanding. Moreover, it would promote judicial economy and avoid the parties' from incurring unnecessary attorneys' fees to stay discovery and the early meeting until the Court has ruled on the pending Motions to Dismiss.

When faced with an identical scenario, courts have held that pending motions to dismiss constitute good case to extend the deadlines to hold an early meeting, serve discovery, and enter a scheduling order. *See Isabel v. Reagan*, 2019 WL 13519919, *1 (D. Ariz. 2019). In *Isabel*, the plaintiff filed sought nearly identical relief to the Motion to Compel, and the Court in *Isabel* denied that relief, found that it was premature to hold an early meeting, and that there was good cause to extend any deadlines related to the early meeting: *Id.* at *1 ("The Court concludes the existence of these pending motions constitutes good cause to delay the issuance of the scheduling order and the Rule 26(f) process."); *See also Jones v. iPawn Rodney Parham, LLC*, 2017 WL 6945575, *2 (E.D. Ark. 2017) (holding that "discovery [prior to a defendant filing an answer] is premature").

As another example, a District of California Court "recognized the impracticality of holding a scheduling conference in view of the motion [to dismiss] and continued the conference accordingly." *Zavala v. Kruse-Western, Inc.*, 2019 WL 3219254, *2 (E.D. Cal 2019). That same court further found that "[i]t is equally not 'practicable' to order Defendants to participate in a Rule 26(f) conference at this stage of the proceedings", *i.e.*, while a motion to dismiss was pending. *Id.*[3] The court found that "[w]here, as here, the operative complaint is challenged by motion practice, 'delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources.'" *Id.* (citing *In re Morning Song Bird Food Litig.*, No. 12CV1592-JAH(RBB), 2013 WL 12143947, *3 (S.D. Cal. 2013); *Contentguard Holdings, Inc. v. ZTE Corp.*, CASE NO. 12cv1226-CAB (MDD), 2013 WL 12072533, *2 (S.D. Cal.

---

[3] That court additionally noted that the proper procedure would be for a plaintiff to "seek[] expedited discovery pursuant to Rule 26(d)", and that a plaintiff seeking to compel a rule 26(f) conference constituted "an interesting departure" from proper procedure. *Id.*

4222811

2013)).

In summary, forcing the Defendants to participate in early meeting so that Plaintiff can immediately serve discovery requests while the Motions to Dismiss are pending defies logic. Courts faced with identical requests for relief have recognized the same and have extended any discovery and scheduling deadlines while motions to dismiss are pending. Neither of the two cases cited by Plaintiff support this Court compelling an early meeting while the Motions to Dismiss are pending.

Plaintiff first cites to *Hansen*, a completely distinguishable case, in which a District of Idaho court compelled the parties to participate in a Rule 26(f) conference. *Melaleuca, Inc. v. Hansen*, 2014 WL 1343452 (D. Idaho 2014). Unlike this newly filed case, the action in *Hansen* had been pending for approximately three years but had been delayed with no discovery being served due to an appeal. *Id.* at *7. After the court granted the plaintiff's motion to amend so that the case could move forward, it also granted the plaintiff's motion to compel the parties to participate in a Rule 26(f) conference. *See id.* at *7-8. In other words, **the court in *Hansen* did not require the parties to participate in a Rule 26(f) conference until over three years after the case was filed**, so that an appeal and various other issues could run their course. *See id.* That is completely different from the facts in this action, which was just filed one month ago on August 5, 2025.

In the second case cited by Plaintiff, the court for the Eastern District of Texas compelled a defendant to respond to interrogatories notwithstanding a pending motion to dismiss. *ATEN Intern. Co. Ltd. V. Emine Technology Co., Ltd.*, 261 F.R.D. 112, 122 (E.D. Tex 2009). Importantly, Plaintiff neglected to advise this Court that the ruling in *ATEN* was based exclusively on a local rule in the Eastern District of Texas stating "that 'a party is not excused from responding to discovery because there are pending motions to dismiss, to remand, or change venue.' Local Rule CV–26(a) (entitled 'No Excuses')." *Id.* There is no such rule in this district, and the court's ruling in *ATEN* therefore has no bearing on this dispute and is entirely irrelevant to the disposition of the Motion to Compel.

**III.    Plaintiff failed and refused to meet and confer prior to filing the motion to compel.**

Pursuant to Local Rule of Civil Procedure 7.2(j), Plaintiff was required to certify that

4222811

he made "sincere efforts" to "personal[ly] consult with the other part[ies]" prior to filing a discovery motion such as the Motion to Compel. Pursuant to LRCiv 7.2(j), "[a]ny discovery motion brought before the Court without prior personal consultation with the other party and a sincere effort to resolve the matter, may result in sanctions."

Plaintiff cannot dispute that the Motion to Compel is a "discovery motion." Indeed, Plaintiff himself refers to the Rule 26(f) meeting as a "discovery conference" and characterizes the relief sought in the Motion to Compel as arising out of the Defendants' alleged "refusal to participate in a Rule 26(f) discovery conference", which alleged refusal is "preclud[ing] Plaintiff from moving forward with discovery…" Motion to Compel, pp. 1:22 and 4:1-4.

Undersigned counsel repeatedly advised Plaintiff that the Individual Defendants were not refusing to participate in an early meeting, but that it was premature to schedule an early meeting prior to all Defendants retaining counsel and appearing in the action. *See* Exhibit A. After all of the Defendants had retained counsel, Plaintiff, counsel for the Individual Defendants, and counsel for the Organization were on an email chain discussing the early meeting. *See* Exhibit C. In that exchange, counsel for the Organization attempted to set up a meet and confer. *See id.* Plaintiff ignored that request, and instead filed his Motion to Compel almost immediately. *See id.*

Pursuant to LRCiv 7.2(j), Plaintiff's Motion to Compel cannot "be considered or decided" given his failure and refusal to meet and confer. In addition, and pursuant to that same rule, the Individual Defendants should be awarded their attorneys' fees and costs in responding to the premature Motion to Compel.

**IV.    Conclusion.**

Based on the foregoing, the Individual Defendants respectfully request the Court deny the Motion to Compel and postpone the Rule 26(f) early meeting until after the disposition of the pending Motions to Dismiss. The Individual Defendants further request an award of their attorneys' fees and costs as a sanction for Plaintiff's failure and refusal to comply with LRCiv 7.2(j).

4222811

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED this 15th day of September, 2025.

SACKS TIERNEY P.A.

By: /s/ Michael J. Harris
Michael J. Harris
Attorney for Defendants James Houston
Boone, Russell Thomas Forney, Ben Stewart
Berry, Lafe Kunkel, Frank Rizzi and Andrew
Erickson

4222811

8

1

### **CERTIFICATE OF SERVICE**

2

I hereby certify that on the 15th day of September, 2025, I electronically transmitted

3

the attached document to the following CM/ECF registrants:

4

Jonathan Wesley Birdt/Plaintiff: jonbirdt@icloud.com

5

Isaac M. Gabriel:                    Gabriel.isaac@dorsey.com

6

Britanny M. Gilbertson:          Gilbertson.brittany@dorsey.com

7

8

By: */s/ Tessa Joyce* _____

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

4222811

# EXHIBIT A

**Joyce, Tessa Y.**

| | |
|---|---|
| **From:** | Jon Birdt <jonbirdt@icloud.com> |
| **Sent:** | Tuesday, August 19, 2025 4:52 PM |
| **To:** | Harris, Michael J.; Board |
| **Subject:** | Re: Birdt v. Boone [IMAN-IMANAGE.FID839623] |

Let's just agree to disagree.  And since this will likely be an exhibit, Defendants are represented by Counsel, have been for some time, and that Counsel has just opted not to surface, but they have met with all Defendants, including your client and that is why the emails go to the Board address. It should also be clear though, that I will not be granting any extensions to any party absent a good faith response to my simple query, please provide the "direct evidence" the Defendants claim existed, anything else is just more dilatory tactics I will not participate in.  Likewise, with that simple response, I may be more inclined to grant additional time for the early meeting, but in the face of abject silence, I will pursue the most expeditious path to resolution.  Again, I am copying all parties to keep everyone on the same page.


On Aug 19, 2025, at 4:43 PM, Harris, Michael J. <harris@sackstierney.com> wrote:


Jon,

The Board is likely a represented party, and as such I am not permitted to communicate directly with it. That is why I advised that we need to wait for the attorneys to appear in this case.

To be clear, I am not refusing to participate in the early meeting. I am telling you (again) that your efforts to rush to an early meeting, on a date that you have unilaterally chosen, is premature when the parties have not yet appeared in the case and have not all retained counsel. Should you attempt to force the parties to an early meeting prior to retaining counsel, or otherwise advise the Court that I have "refused to participate", I will include all of these emails as exhibits to the Court when I advise it of your misrepresentation. I trust that won't be necessary.

I only reached out today as a courtesy and so that you would direct emails to me. Given that the Defendants have not yet all retained counsel, it is not yet "practicable" to schedule an early meeting. We can schedule in due course when the Defendants have retained counsel.

Best,

Michael


**Michael Harris**
*Attorney*
P: 480.425.2646



a Member of MERITAS, Law Firms Worldwide
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, AZ 85251

**From:** Jon Birdt <jonbirdt@icloud.com>
**Sent:** Tuesday, August 19, 2025 4:34 PM
**To:** Harris, Michael J. <harris@sackstierney.com>
**Subject:** Re: Birdt v. Boone [IMAN-IMANAGE.FID839623]

Michael,
That was the email chain re scheduling providing notice of your position to all of the parties. You are free not to participate so I will let you know if an earlier date is chosen. Otherwise, I will proceed on the 19th and file a report with the Court advising that you did not participate because you felt it was premature.
Take care,
Jon

On Aug 19, 2025, at 4:31 PM, Harris, Michael J. <harris@sackstierney.com> wrote:

Please do not copy me on communications to the Board. As I said, this discussion is premature, and we can address setting an early meeting once the Defendants have all retained counsel and appeared.

**Michael Harris**
*Attorney*
P: 480.425.2646
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, AZ 85251

**From:** Jon Birdt <jonbirdt@icloud.com>
**Sent:** Tuesday, August 19, 2025 4:23 PM
**To:** Harris, Michael J. <harris@sackstierney.com>
**Cc:** Board <board@uspsa.org>
**Subject:** Re: Birdt v. Boone [IMAN-IMANAGE.FID839623]

There is nothing premature here. The other defendants have retained counsel, they have met with counsel and are evaluating a settlement offer that was also extended to your client. There is nothing in the rule about appearing. They are represented and 30 days is more than reasonable notice. Again, I am happy to discuss an earlier date convenient to all, but it has been my experience that Federal Judges do not appreciate these State Court dilatory litigation practices so there is nothing premature about complying with the rules. I see you have handled a few Federal Cases and are familiar with the speed at which they move, so I assume this is just posturing.
Moreover, this matter could end tomorrow if you simply provide the "evidence" your client stated exists, or a simple apology and resignation. Either way, I would dismiss him tomorrow. Any how, let's move

2

forward with more productive discussions, just let me know when you want to have them.  My cards are all on the with the disclosures and discovery plan, lets get this moving.

On Aug 19, 2025, at 4:10 PM, Harris, Michael J. <harris@sackstierney.com> wrote:

I understand what the rule says. But, as I said, it is premature to be setting dates when the defendants and their counsel have not yet even appeared in the case. Once they have appeared, we can start an email chain and find a mutually agreeable date for the early meeting.

**Michael Harris**
*Attorney*
P: 480.425.2646
<image001.png>
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, AZ 85251

**From:** Jon Birdt <jonbirdt@icloud.com>
**Sent:** Tuesday, August 19, 2025 3:53 PM
**To:** Harris, Michael J. <harris@sackstierney.com>
**Subject:** Re: Birdt v. Boone [IMAN-IMANAGE.FID839623]

Yeah, I disagree, but you can choose not to participate. The rule doesn't say after all that, it says as soon as practicable.

Jon Birdt
928-800-2002

On Aug 19, 2025, at 3:49 PM, Harris, Michael J. <harris@sackstierney.com> wrote:

Thank you. However, it is premature to be discussing the early meeting, as the defendants have just been served, and have not yet filed responsive pleadings. Moreover, going forward, we do not agree to the Plaintiff unilaterally setting dates. Once all

Defendants have appeared and filed their responsive pleadings, we can initiate an email amongst counsel and unrepresented parties to find a mutually agreeable date for the early meeting.

**Michael Harris**
*Attorney*
P: 480.425.2646
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, AZ 85251

**From:** Jon Birdt <jonbirdt@icloud.com>
**Sent:** Tuesday, August 19, 2025 3:45 PM
**To:** Harris, Michael J. <harris@sackstierney.com>
**Subject:** Fwd: Birdt v. Boone

FYI.

Jon Birdt
928-800-2002

Begin forwarded message:

> **From:** Jon Birdt
> <jonbirdt@icloud.com>
> **Date:** August 19, 2025 at
> 2:47:47 PM MST
> **To:** Board <board@uspsa.org>
> **Subject: Birdt v. Boone**
>
>
> Now that all Defendants have
> been served, per the FRCP we
> need to have an early meeting to
> discuss this matter as soon as
> practicable.  As such, please
> accept this as notice of said early
> meeting on September 19, 2025,
> at 10 a.m. Phoenix time, via
> zoom.  I will circulate a zoom link
> in advance.  Should this date
> note be acceptable, I am open to
> anything sooner, just let me
> know, otherwise I look forward to
> speaking with you then.
>
> Below is a rough outline of my
> initial disclosures, rough
> discovery outline and

suggestions for the discovery plan. This encompasses all of the evidence I intend to offer at trial, as this matter revolves completely around that single meeting and Defendants's conduct there at. If I can provide any additional information in advance of the conference or answer any questions, please do not hesitate to reach out.. Since we have a duty to discuss these issues in good faith during the conference, I would appreciate your rough outlines in advance so that we can streamline the process and make it as efficient as possible.

I have noted that settlement is likely impossible since you have declined to respond to my offer to avoid this litigation by simply providing the "direct evidence" referenced in your minutes, but the door is always open to resolution should you wish to explore it.


Witnesses
Frank Barbaro
Bill Greenland
Joseph Apostolik
David Zink
Ben Kreutzberg

Documents:
3/18 notice of meeting
3/18 meeting minutes
FAQ post by org
Two Boone emails to all members re vote and recall
Demand for retraction email
Notice of intent to sue email
Chesterman emails re resolution of claims

Damages
general 100,000.00
Punitive 1,000,000.00

Constructive trust, payable to
org for all fees incurred by org
from 2/1 to present (org estimate
is 450k).

Plaintiff's written discovery:

RFP:
All emails and electronic
messages sent or received by
any defendant that discusses
plaintiff but does not include
plaintiff from 1/1 to 3/18.
All written correspondence to or
from any defendant that
discusses plaintiff but was not
sent to Plaintiff from 1/1 to 3/18.
All documents reviewed or relied
upon you regarding your voting at
the special meeting on 3/18.
All documents supporting your
contention that plaintiff failed to
discharge the duties of a
fiduciary.
All documents supporting your
contention that plaintiff acted in a
manner deemed to be illegal.
All documents supporting your
contention that plaintiff acted in a
manner deemed to be immoral.
All documents supporting your
contention that plaintiff has failed
to disclose conflicts of interests.
All "Direct Evidence" as
referenced in the March 18, 2025
meeting minutes.
All legal opinions upon which any
Director relied on during the
march 18, 2025 meeting.
Your Federal tax Returns for the
past 5 years.
All year end investment account
statements for the past five
years.
All deeds to real estate in which
you have an ownership interest.
All outstanding loans or
mortgages encumbering any of
your assets.

Special rogs:

Please state all facts supporting your contention that Plaintiff failed to discharge the duties of a fiduciary.

Please state all facts supporting your contention that Plaintiff acted in a manner deemed to be illegal.

Please state all facts supporting your contention that Plaintiff acted in a manner deemed to be immoral.

Please state all facts supporting your contention that Plaintiff has failed to disclose conflicts of interests.

Please state your current net worth.

Draft of Early report:

Discovery Plan.

(A) Changes to FRCP timing: No changes suggested.

(B) The subjects on which discovery may be needed:

Evidentiary support for Defendants statements, legal advice relied upon as a defense, Defednants preparations for voting on March 18, 2025.

When discovery should be completed:

January 31, 2026.

Whether discovery should be conducted in phases or be limited to or focused on particular issues;

No special procedures seem indicated.

(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

No issues expected, Defendants maintain a comprehensive and searchable gmail archive and the results can be produced in any fashion most convenient to Defendants.

(D) any issues about claims of privilege or of protection as trial-preparation materials, including— if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

Plaintiff is agreeable to staying net worth discovery for a second phase of trial after abbreviated discovery       thereon.

Plaintiff is agreeable to any assertion of privilege so long as it is accompanied by an adequate stipulation for exclusionary order and limitation of evidence at trial.

(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

None.

(F) any other orders that the court
should issue under Rule 26(c) or
under Rule 16(b) and (c).

None.

Other Items.

The Parties do not request a
conference with the court before
entry of the scheduling order.

The parties request
a pretrial
conference in
February, 2026.

All potentially
dispositive motions
should be filed
by  January 15,
2026.

Settlement is
unlikely.

Final lists of
witnesses and
exhibits under Rule
26(a)(3) should be
due:
from plaintiff(s) by
February 1, 2026
from defendant(s)
by  February 10,
2026

Parties should have
10 days after
service of final lists
of witnesses and
exhibits to list
objections under
Rule 26(a)(3).

The case should be
ready for trial by
March 1, 2026 and
trial is expected to
take 3 days.

9

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

10

# EXHIBIT B

**Joyce, Tessa Y.**

| | |
|---|---|
| **From:** | Jon Birdt <jonbirdt@icloud.com> |
| **Sent:** | Monday, August 25, 2025 2:44 PM |
| **To:** | Harris, Michael J.; Board |
| **Subject:** | Re: Responsive pleading deadline [IMAN-IMANAGE.FID839623] |
| **Attachments:** | image001.png |

Michael,

Let's agree to disagree on your incredibly self serving attempt to recast a discussion and completely misrepresent our discussion.  As soon as the attorney that has been representing the org for several weeks steps forward, I will be happy to honor that request, but until then I have a duty to communicate with all parties.  It isn't even clear who you represent at this point beyond Mr. Boone.

Thank you,

Jon

On Aug 25, 2025, at 2:39 PM, Harris, Michael J. <harris@sackstierney.com> wrote:

Mr. Birdt,

I've accurately summarized our conversation and your threat regarding holding "a baseball bat." That is exactly what you told me. I appreciate that I am stepping into what is clearly a contentious dispute, but I would appreciate you treating me as a professional, as I will certainly reciprocate. You did request early disclosures—*i.e.*, the "actual evidence" you reference in your email below. As I told you on our call, and as I will tell you now again, I have not yet reviewed the documents in this case, and the time for disclosures has not run. You are certainly entitled to document disclosures (as are my clients), but I cannot give you what I don't yet have. Nor do I think that a request for a three day extension should be conditioned upon early disclosures, which is what you have requested.

I understand that you have denied the request for an extension. I'm happy to keep our communications via email unless telephone calls are required under the rules.

Finally, please do not communicate directly with the individuals going forward, and direct communications related to this litigation to me.

Thanks,

Michael

**Michael Harris**
*Attorney*
P:  480.425.2646

**SACKS TIERNEY**
*a Member of MERITAS, Law Firms Worldwide*

1

4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, AZ 85251

---

**From:** Jon Birdt <jonbirdt@icloud.com>
**Sent:** Monday, August 25, 2025 2:24 PM
**To:** Harris, Michael J. <harris@sackstierney.com>
**Cc:** Board <board@uspsa.org>
**Subject:** Re: Responsive pleading deadline [IMAN-IMANAGE.FID839623]

Michael,
I am not going to go line for line, but this recital is a disgusting slant on our discussion and your threats to me.
Given this, I think we should avoid any telephonic discussions in the future and limit our contact to a written record.
Your most significant false statement though needs to be addressed as I never never demanded initial disclosures, I only requested the courtesy of a reply providing a response to any of my emails requesting a retraction or the "actual evidence" your clients claimed to exist. Despite having represented Mr. Boone for more than a week, you stated that you had no such evidence. I made it clear that I was only requesting the evidence they claimed to have reviewed at the meeting that I was entitled to so that we could end this lawsuit today in exchange for that evidence or a simple retraction.
Your clients forced service when they could have had 60 days to respond, they chose the shortened time frame and their responses are due Tuesday.
Jon

On Aug 25, 2025, at 2:17 PM, Harris, Michael J. <harris@sackstierney.com> wrote:

Mr. Birdt,

Thank you for the call. As I explained, I am in the process of being retained by the remaining individual defendants, in addition to Mr. Boone. On our call, you represented that the current deadline for the individual who was first served is Tuesday, September 2, 2025. I requested a short extension to Friday, September 5, 2025 as a professional courtesy. In addition, that would only be an extension for the person who was served earliest in time, and would likely be an early filing for the remainder of the Defendants. You rejected that request for a professional courtesy. You further advised that you had two things in your hands. The first was an olive branch that you were happy to extend if I sent you early disclosures (which I do not yet even have in my possession). The second was "a baseball bat", which you described as a metaphorical weapon that you were happy to use against my clients and I. Please be advised that I do not appreciate the threat, and I would prefer that we have a respectful and collegial working relationship. While I do not appreciate the refusal to grant a short extension as a professional courtesy, I would appreciate your professionalism going forward.

Thank you.

Best,

Michael

**Michael Harris**
*Attorney*
P: 480.425.2646



a Member of MERITAS, Law Firms Worldwide

Sacks Tierney P.A.
4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, AZ 85251
www.sackstierney.com

**NOTICE:  This e-mail may contain confidential and privileged material for the sole use of the intended recipient. Any review or distribution by others is strictly prohibited. If you are not the intended recipient, please contact the sender and delete and destroy all copies.  To ensure IRS compliance, any tax advice included in this e-mail may not be used by any recipient to avoid penalties imposed under the Internal Revenue Code, state or local tax law provisions.**

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**EXHIBIT C**

**Joyce, Tessa Y.**

| | |
|---|---|
| **From:** | Harris, Michael J. |
| **Sent:** | Tuesday, September 2, 2025 8:18 AM |
| **To:** | Jon Birdt; Gabriel.Isaac@dorsey.com |
| **Cc:** | Gilbertson.Brittany@dorsey.com; larson.jake@dorsey.com; Colbert.Trent@dorsey.com |
| **Subject:** | RE: Early Meeting [IMAN-IMANAGE.FID839623] |

Jon,

Please serve any documents on us via ECF as well. I see you've already filed the motion, so I won't belabor the point other than to reiterate my prior emails, which are consistent with Gabriel's emails below. In short, it is premature to move forward with discovery when we do not know whether we will be litigating in this forum. We'll respond to the motion and address the issue with the Court.

Thanks,

Michael

**Michael Harris**
*Attorney*
P: 480.425.2646

**SACKS TIERNEY**
a Member of MERITAS Law Firms Worldwide

4250 N. Drinkwater Blvd., Fourth Floor
Scottsdale, AZ 85251

---

**From:** Jon Birdt <jonbirdt@icloud.com>
**Sent:** Tuesday, September 2, 2025 8:06 AM
**To:** Gabriel.Isaac@dorsey.com
**Cc:** Harris, Michael J. <harris@sackstierney.com>; Gilbertson.Brittany@dorsey.com; larson.jake@dorsey.com;
Colbert.Trent@dorsey.com
**Subject:** Re: Early Meeting

I'll serve the motion via ecf.  Thanks

> On Sep 2, 2025, at 7:53 AM, Gabriel.Isaac@dorsey.com wrote:
>
> Jon - per below, we are happy to have an early meeting/meet and confer.  I'm simply conveying that we do not believe discovery should proceed at this time.  Thanks.

---

**From:** Jon Birdt <jonbirdt@icloud.com>
**Sent:** Tuesday, September 2, 2025 6:45 AM
**To:** Gabriel, Isaac <Gabriel.Isaac@dorsey.com>
**Cc:** harris@sackstierney.com; Gilbertson, Brittany <Gilbertson.Brittany@dorsey.com>; Larson, Jake
<larson.jake@dorsey.com>; Colbert, Trent <Colbert.Trent@dorsey.com>
**Subject:** Re: Early Meeting

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Thank you, but that isn't the rule. I will now file a motion to compel and let the Court know that both defense counsel refused to provide dates for the early meeting.


On Sep 2, 2025, at 6:41 AM, gabriel.isaac@dorsey.com wrote:


Jon – the rule does not require an early meeting while a motion to dismiss is pending and the pleadings are not closed.  To the contrary, Rule 26(f)(1) contemplates as soon as practicable or no later than "21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."  Given the pleadings are not closed, there is no scheduling conference and the court has not issued any deadline for a scheduling order.  Given the circumstances of our case, it is not "practicable" to hold an early meeting now and attempt to set a discovery schedule when we do not even know when the motion to dismiss will be ruled upon or whether we will be in this forum.

If you would nonetheless like to meet and confer on this issue, please let me know.  However, be advised that our position will likely not change and we will not consent to discovery commencing at this stage, which is the common practice in this district.

**Isaac M. Gabriel**
**Partner**

<image001.png>

DORSEY & WHITNEY LLP
2325 E. Camelback Road, Suite 900 | Phoenix, AZ 85016
P: 602.735.2702
C: 602.750.8721

---

**From:** Jon Birdt <jonbirdt@icloud.com>
**Sent:** Sunday, August 31, 2025 7:20 PM
**To:** Gabriel, Isaac <Gabriel.Isaac@dorsey.com>
**Cc:** harris@sackstierney.com; Gilbertson, Brittany <Gilbertson.Brittany@dorsey.com>; Larson, Jake <larson.jake@dorsey.com>; Colbert, Trent <Colbert.Trent@dorsey.com>
**Subject:** Re: Early Meeting


EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Isaac,
Unfortunately I can't agree to that. First, your motion has little chance of prevailing given the applicable case law. Second, the rules don't allow for such delay and in fact require it to be done as soon as practicable. I have

given 30 days notice, which is more than reasonable, and if that date isn't convenient I am happy to do it any time sooner.

Moreover, I would be happy to dismiss your client tomorrow if it would simply provide the "direct evidence" upon which the vote was based or apologize and reinstate me.

Either way, this matter needs to proceed expeditiously to clear my name or vindicate your client.

Thank you,
Jon

Jon Birdt
928-800-2002

> On Aug 31, 2025, at 6:45 PM, gabriel.isaac@dorsey.com wrote:
>
> Jon – given there is a pending motion to dismiss, I believe it would be prudent to wait for the outcome of that motion before holding the early meeting.  The pleadings are not closed and we may not even be in this court.  Please advise if you agree.  Thanks.
>
> **Isaac M. Gabriel**
> **Partner**
>
> <image001.png>
>
> DORSEY & WHITNEY LLP
> 2325 E. Camelback Road, Suite 900 | Phoenix, AZ 85016
> P: 602.735.2702
> C: 602.750.8721

---

**From:** Jon Birdt <jonbirdt@icloud.com>
**Sent:** Friday, August 29, 2025 5:23 PM
**To:** Gabriel, Isaac <Gabriel.Isaac@dorsey.com>; Michael J. Harris <harris@sackstierney.com>; Gilbertson, Brittany <Gilbertson.Brittany@dorsey.com>
**Subject:** Early Meeting

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Counsel,
As you know from prior emails, I have set the early meeting for
9/19 at 10am but I am happy to do it any time sooner
convenient to your calendar.
Thank you,
Jon