Jonathan W. Birdt
1563 Bello Monte Drive
Prescott, AZ, 86301
928-800-2002
Birdtjon@gmail.com

# IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Wesley Birdt,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>James Houston Boone; The United States Practical Shooting Association/IPSC; Russell Thomas Fortney; Ben Stewart Berry; Lafe Kunkel; Frank Rizzi, Andrew R. Erickson<br><br>　　　　Defendants | Case No.: **3:25-cv-08164-ASB**<br><br>REPLY RE MOTION TO COMPEL EARLY MEETING OF COUNSEL ON SEPTEMBER 19, 2025 OR WITHIN 5 DAYS OF RULING |

　　　　While verbose, defendants offer no legal justification for their outright refusal to comply with the rules, other than to say that they may have gotten relief if they had asked for it- which they didn't.  Defendants also offer no legal authority that the motion required a meet and confer, HOWEVER, the moving papers via the declaration of Plaintiff establish the attempted meet and confer and Defendant's exhibit to the opposition make it clear that Plaintiff tried repeatedly to meet and confer and defendants clearly stated that they would not proceed with the conference.

　　　　As to the merits of the Motion to Dismiss, defendants failed to even address the 9th Circuit case directly on point with the subject complaint that essentially renders their motion moot, if not specious at best, and again, just like waiting two

BIRDT V. USPSA - 1

weeks to submit this opposition without a scintilla of authority for their bald faced refusal to comply with the plain meaning of the rules, makes it clear the only goal here is delay.

It is worth noting, this case centers on something very simple, Defendants representation that they had "direct evidence" of Plaintiff's illegal and immoral conduct, but when told Plaintiff would not file this action or would immediately dismiss this action if they just provided that evidence, they remain silent and instead seek to delay the very disclosures that would vindicate Plaintiff.  Moreover, Defendants never even responded to Plaintiff's initial request for the "direct evidence" he was entitled to see as a Board member if it existed.  It is respectfully submitted that there comes a time to simply put up, or admit you made a mistake, but Defendants and their Counsel instead practice silence and delay, which forced this lawsuit in the first place and now, without any legal justification, attempt to defend their further dilatory conduct.

September 15, 2025

_____
Jonathan W. Birdt