1
2
3
4
5
6

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan W Birdt,<br><br>                    Plaintiff,<br><br>v.<br><br>James Houston Boone, et al.,<br><br>                    Defendant. | No. CV-25-08164-PCT-ASB<br><br>**ORDER** |

Pending before the Court are: (1) Defendant United States Practical Shooting Association's Motion to Dismiss Plaintiff's Complaint for Defamation, Breach of Fiduciary Duty and Declaratory Relief (Doc. 21); (2) Defendants' Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to FRCP 12(b)(2) (Doc. 26) by Defendants James Houston Boone, Russell Thomas Fortney, Ben Stewart Berry, Lafe Kunkel, Frank Rizzi, and Andrew R. Erickson; [1] and (3) pro se Plaintiff Jonathan Birdt's Motion to Compel Early Meeting of Counsel on September 19, 2025 or Within 5 Days of Ruling (Doc. 25).

The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 44.)

For the reasons stated below, the Court will grant Defendants' Motions (Docs. 21, 26) and deny as moot Plaintiff's Motion (Doc. 25). Plaintiff will be granted leave to amend

---

[1]    All moving Defendants request oral argument. (Doc. 21 at 1; Doc. 26 at 1.) The requests for oral argument are denied because the issues have been fully briefed and undersigned finds that oral argument will not aid the Court's decision. *See* Fed.R.Civ.P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("[A] district court can decide the issue without oral argument if the parties can submit their papers to the court.").

the Complaint.

## I.    BACKGROUND

Plaintiff initiated this suit on August 5, 2025, alleging to two causes of action: (1) defamation against all Defendants and (2) breach of fiduciary duty against James Houston Boone, Russell Thomas Fortney, Ben Stewart Berry, Lafe Kunkel, Frank Rizzi, and Andrew R. Erickson (collectively "Director Defendants" or "Directors"). (Doc. 1 at 2-4.)

Plaintiff alleges the following facts in his Complaint[2]: Plaintiff was a duly elected Director of the United States Practical Shooting Association ("USPSA"). (Doc. 1 at 2.) On or around March 18, 2025, Defendant Boone was in the role of President of the USPSA, and Defendants Fortney, Berry, Kunkel, Rizzi, and Erickson were "employed volunteers who voluntarily sought election or appointment as Directors" of USPSA. (*Id.*) Plaintiff alleges that on March 18, 2025, the Director Defendants held a meeting in order to remove Plaintiff as a director and member of USPSA. (*Id.*) During this meeting, Plaintiff alleges that the Director Defendants made or ratified several statements (hereinafter, "the Meeting Statements") about Plaintiff in a motion before the Board, and then subsequently published those statements on the USPSA website and "in emails directed to the 40,000 nationwide members." (*Id.*) The Meeting Statements were that USPSA received "direct evidence" that Plaintiff 1) failed to discharge the duties of a fiduciary; 2) acted in a manner deemed to be illegal; 3) acted in a manner deemed to be immoral; and 4) failed to disclose conflicts of interest. (*Id.* at 3.)

Plaintiff further alleges that the Meeting Statements were not included in the notice of the meeting, were not circulated to all of the members of the Board, were not referenced in the meeting minutes, and that no notice was given to Plaintiff prior to the Meeting Statements being made. (Doc. 1 at 3.) According to Plaintiff, as a duty elected Director of USPSA he was entitled to see all material presented to the Board for consideration, but the Meeting Statements about Plaintiff and the "direct evidence" accompanying them were not

---

[2]    For purposes of the Motions to Dismiss, the Court will assume all well-pleaded facts in the Complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

provided to Plaintiff. (*Id.*)

In his first "cause of action" in the Complaint, Plaintiff brings a defamation claim against Defendants USPSA, Boone, Fortney, Berry, Kunkel, Rizzi, and Erickson (hereinafter "all Defendants"). (Doc. 1 at 3.) Plaintiff alleges that the Meeting Statements made by all Defendants were false and that no such evidence existed to support the Meeting Statements. (*Id.*) Plaintiff further alleges that all Defendants knew, or through the exercise of reasonable care should have known, that the Meeting Statements were false. (*Id.*) Plaintiff pleads that he has been harmed by all Defendants purporting to have direct evidence of Plaintiff's alleged wrongdoings, and by all Defendants publicly posting such on the USPSA website. (*Id.*) Plaintiff also pleads he has been further harmed by the alleged defamation "in that he has been precluded from participating in his favorite and regular hobby of shooting weekend matches with his friends." (*Id.* at 4.)

Plaintiff further alleges a second "cause of action," breach of fiduciary duty, against the Director Defendants. (Doc. 1 at 4.) Here, Plaintiff alleges that as directors of a nonprofit and charity "operating under Federal 501c[,]" the Director Defendants owed Plaintiff, USPSA, and its members certain fiduciary duties. (*Id.*) Plaintiff pleads these fiduciary duties include:

1. Duty of Care- The Directors owed [USPSA], [its] members and Plaintiff a duty of reasonable care and diligence that required them to review relevant evidence before voting on a matter. Defendants breached this duty by not having reviewed the alleged evidence supporting [the Meeting Statements].
2. Duty of Loyalty- Defendants have a duty to act in the best interests of the membership and failed to do so by negligently adopting [the Meeting Statements] without evidentiary support.
3. Duty of Honesty- The Directors acted in a dishonest manner by intentionally publishing false statements about a fellow Director in violation of their horizontal duty of care to Plaintiff.
4. Fiduciary Duty- The Directors have a fiduciary duty to consider their actions, be prepared for votes, ask questions where doubt exists and to then only take actions deemed to be in the best interests of [USPSA], but the Directors herein have woefully in this regard, taking legal advice from [C]hat[GPT],

ignoring the advice of legal counsel and in ratifying false statements without the claimed evidentiary support.

5.  Duty to Review records- The Directors have a duty to review records underlying a vote and to make sure they understand those records before voting. Here, no records, or evidence, was even circulated before the Directors voted claimed to have reviewed "direct evidence" in support of each of [the Meeting Statements].

(*Id.*) Plaintiff alleges that the Directors have breached each of these duties "and brought [USPSA] into disrepute by their conduct, further causing the members to incur unnecessary legal expenses." (*Id.*)

Plaintiff requests that the Court award the following relief: (1) declaratory relief establishing the falsity of the Meeting Statements; (2) general damages "in excess of $75,000[;]" (3) punitive damages; (4) "[r]estitution to [USPSA] by [t]he Directors for legal fees incurred by [USPSA] in defending legal actions brought as a result of their negligent conduct[;]" (5) disqualification of the Directors for violating their fiduciary duties; (6) reinstatement of Plaintiff as a member of USPSA; and (7) "[c]osts of suit incurred herein[.]" (Doc. 1 at 5.)

All Defendants were served. (Docs. 13-14, 16-20.) Defendant USPSA filed its Motion to Dismiss on August 29, 2025 (Doc. 21). Director Defendants collectively filed their Motion to Dismiss on September 2, 2025 (Doc. 26). Plaintiff timely filed a Response to both Motions (Docs. 24, 28). Defendant USPSA filed a timely Reply on September 5, 2025 (Doc. 31) and Director Defendants filed a timely Reply on September 8, 2025 (Doc. 32).

Plaintiff filed his Motion to Compel on September 2, 2025 (Doc. 25), to which both Defendant USPSA (Doc. 35) and Director Defendants (Doc. 36) timely responded on September 15, 2025. Plaintiff then filed a Reply to Defendants' Responses on the same day, September 15, 2025 (Doc. 37).

Given the overlapping legal authority, this Court will address USPSA's Motion to Dismiss Plaintiff's Complaint for Defamation, Breach of Fiduciary Duty and Declaratory Relief (Doc. 21) and Director Defendants' Motion to Dismiss for Lack of Personal

Jurisdiction Pursuant to FRCP 12(b)(2) (Doc. 26) together. The Court will then turn to Plaintiff's Motion to Compel Early Meeting of Counsel on September 19, 2025 or Within 5 Days of Ruling (Doc. 25).

## II. DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF JURISDICTION PURSUANT TO FRCP 12(b)(2)

In each of the respective Motions, Defendants move the Court to dismiss the count(s) against them pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 21 at 1-2; Doc. 26 at 1-2.) All Defendants argue that Plaintiff has failed to establish that this Court has personal jurisdiction over them. (*Id.*) Plaintiff opposes both Motions. (Docs. 24, 28.)

### A. Legal Standard

A defendant may move to dismiss a case for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). When faced with a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that jurisdiction is proper" but "need only make a prima facie showing of jurisdictional facts[.]" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citations omitted). In determining whether a plaintiff has established a prima facie case for personal jurisdiction over a defendant, the complaint's uncontroverted allegations are accepted as true and "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor." *Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)) (internal quotation marks omitted). "We only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quoting *Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995)). If a court looks to evidence outside the pleadings to resolve the motion, it must convert the motion to dismiss to a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003) (citations omitted). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss to a motion for summary judgment." *Id.* (citing

*Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994)).

"Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger*, 374 F.3d at 800 (citations omitted). "The Arizona long-arm statute provides for personal jurisdiction co-extensive with the limits of federal due process." *Doe v. Am. Nat'l Red Cross*, 121 F.3d 1048, 1050 (9th Cir. 1997) (citing *Batton v. Tennessee Farmers Mut. Ins. Co.*, 736 P.2d 2, 4 (Ariz. 1987)); *see* Ariz. R. Civ. P. 4.2(a). Therefore, "the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-801 (citations omitted).

Due process requires that a defendant "have certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notices of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotations and citations omitted). There are two ways to establish personal jurisdiction: general jurisdiction and specific jurisdiction. *Ranza*, 793 F.3d at 1068 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)).

## B.    Analysis

Plaintiff does not assert in his Complaint that this Court has personal jurisdiction over Defendants. (*See* Doc. 1.) While Plaintiff argues that "[t]his [C]ourt has jurisdiction over this matter pursuant to [d]iversity [j]urisdiction[,]" Plaintiff does not reference or otherwise allege on the face of his Complaint that the Court has personal jurisdiction over Defendants.[3] (*Id.* at 1.) However, Plaintiff does allege in his Complaint that "[t]he cause of action arose in the Prescott division." (*Id.* at 2.) Plaintiff further alleges that he is a resident

---

[3]    Plaintiff appears to conflate diversity jurisdiction with personal jurisdiction. (*See* Doc. 28 at 2.) The Court notes that federal diversity jurisdiction is a type of subject matter jurisdiction which gives courts the authority over the subject of the case. *See* 28 U.S.C. § 1332. Personal jurisdiction, meanwhile, refers to the Court's authority over the parties in a case. *See United States v. Morton*, 467 U.S. 822, 828 (1984) ("[s]ubject-matter jurisdiction defines the court's authority to hear a given type of case, whereas personal jurisdiction protects the individual interest that is implicated when a nonresident defendant is haled into a distant and possibly inconvenient forum.") (citations omitted). Both subject matter jurisdiction and personal jurisdiction are required to establish a federal court's jurisdiction in a case. *See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982).

of Prescott, Arizona; Defendant USPSA is a resident of Sedro Wooley, Washington; Defendant Boone is a resident of Lake Oswego, Oregon; Defendant Fortney is a resident of Concord, Virginia; Defendant Berry is a resident of Durham, North Carolina; Defendant Kunkel is a resident of Harrodsburg, Kentucky; Defendant Rizzi is a resident of Staten Island, New York; and Defendant Erickson is a resident of Sioux Falls, South Dakota. (*Id.* at 1-2.)

Defendant USPSA argues in its Motion to Dismiss that the Complaint fails to show that this Court has either general or specific personal jurisdiction over Defendant USPSA. (Doc. 21 at 3.) Defendant USPSA argues that it is not "essentially at home" in Arizona because Arizona is neither USPSA's "place of incorporation" or "principal place of business." (*Id.*) USPSA continues that this Court lacks specific personal jurisdiction over it because "Plaintiff has failed to establish that USPSA has directed its activities at Arizona, and in any case, the exercise of personal jurisdiction over USPSA would not be reasonable." (*Id.* at 5.)

Director Defendants argue in their Motion to Dismiss that this Court lacks personal jurisdiction over each of them, individually. (Doc. 26.) Director Defendants argue that they all reside outside of Arizona, and are thus not subject to general jurisdiction. (*Id.* at 1.) The Directors also argue that this Court lacks specific jurisdiction over them because the claims against them "arise entirely out of alleged statements and conduct that occurred outside of Arizona." (*Id.*)

Plaintiff raises similar arguments in his Response to the Directors' Motion to Dismiss as he does in his Response to USPSA's Motion to Dismiss. (*Compare* Doc. 24 *with* Doc. 28.) Plaintiff argues that Defendants would not be subject to personal jurisdiction anywhere, if they are not subject to personal jurisdiction in Arizona. (Doc. 24 at 3; Doc. 28 at 1-2.) Plaintiff argues in his Response to Defendant USPSA's Motion to Dismiss that Defendant "specifically target[ed] and repeated the defamatory statements [made about Plaintiff] to all of the members residing in Arizona and then specifically affirmed to Plaintiff's club locally that he was barred from competing in local events at the club because of the [d]efamatory statements [USPSA] made." (Doc. 24 at 2.) Plaintiff argues

that Director Defendants should be subject to specific personal jurisdiction because they "made public web postings, sent direct emails and through its acting president, Jim Boone, sent direct messages targeted specifically to the voters in Arizona in an attempt to influence their recall petition." (Doc. 28 at 3.)

### 1. General Personal Jurisdiction

First, the Court considers whether there is general personal jurisdiction over each of the Defendants. For general personal jurisdiction to exist, a defendant's contacts must be so systematic and continuous as to render it "essentially at home" in the forum. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe Co.,* 326 U.S. at 317). An individual is considered at home in the state where they are domiciled. *Id.* at 924. "A corporation is at home in its place of incorporation and principal place of business, and in an exceptional case a corporation might also be at home elsewhere." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023) (citations omitted). When a court has general personal jurisdiction over a defendant, it may "hear any and all claims against them." *Goodyear*, 564 U.S. at 919 (citing *Int'l Shoe Co.,* 326 U.S. at 317). The Court analyzes general personal jurisdiction regarding each Defendant.

### a. USPSA

Here, Plaintiff has not alleged that USPSA is "essentially at home" in the state of Arizona. (*See* Doc. 1.) Plaintiff pled in his Complaint that USPSA "is a resident of Sedro Wooley, [Washington] and a citizen of the United States." (*Id.* at 1.) Defendant USPSA argued in its Motion to Dismiss that it is a nonprofit organization incorporated in Delaware. (Doc. 21 at 1.)[4] Plaintiff has not pled that USPSA has either its place of incorporation or its principal place of business in Arizona. Plaintiff has also not alleged any exceptional circumstances that might make USPSA "essentially at home" in Arizona. *See Goodyear*, 564 U.S. at 919; (*see* Doc. 1). Thus, Plaintiff has failed to demonstrate that the Court has

---

[4]      USPSA would theoretically be subject to general personal jurisdiction in Washington, assuming that is the location of its principal place of business, and in Delaware, assuming that is its place of incorporation. *See Yamashita*, 62 F.4th at 503. It is for this reason that Plaintiff's argument that "Defendant [USPSA] would not be subject to personal jurisdiction anywhere in the United States if their position were to be accepted" fails. (*See* Doc. 24 at 3.)

general personal jurisdiction over USPSA.

           b.  James Houston Boone, Russell Thomas Fortney, Ben Stewart Berry, Lafe Kunkel, Frank Rizzi, and Andrew R. Erickson

Plaintiff has similarly failed to allege that any of the Directors are "essentially at home" in Arizona. Rather, Plaintiff pled in his Complaint that the Directors were "residents" of the following states, respectively: Oregon, Virginia, North Carolina, Kentucky, New York and South Dakota. (Doc. 1 at 1-2.)[5] Plaintiff has not alleged in his Complaint that any of the Directors were domiciled in Arizona at any point. *See Goodyear*, 564 U.S. at 924; (*see* Doc. 1). Thus, Plaintiff has failed to show that this Court has general personal jurisdiction over the Director Defendants.

2. Specific Personal Jurisdiction

Having concluded that it lacks general personal jurisdiction, the Court next assesses whether there is specific personal jurisdiction over Defendants. In contrast to general jurisdiction, "[s]pecific jurisdiction exists when a case arises out of or relates to the defendant's contacts with the forum." *Ranza*, 793 F.3d at 1068 (quotations and citations omitted). To assess specific personal jurisdiction, courts use a three-prong test:

> 1. the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> 2. the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> 3. the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (citing *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would

---

[5]     Plaintiff's argument that Director Defendants would "not be subject to personal jurisdiction anywhere in the United States," therefore fails, as the Directors are subject to personal jurisdiction in the respective states where they are domiciled. (*See* Doc. 28 at 4); *see Goodyear*, 564 U.S. at 924.

not be reasonable." *Id.* (quotations and citations omitted). If, however, the plaintiff fails to satisfy either of the first two prongs, personal jurisdiction is not established in the forum state. *Schwarzenegger*, 374 F.3d at 802.

The first prong of the minimum contacts test may be shown in different ways depending on the nature of the claim. In a tort case[6], courts analyze purposeful direction under the three-part "effects test" established by *Calder v. Jones*. 465 U.S. 783, 789–90 (1984). The "effects test" requires plaintiffs to establish purposeful direction by showing that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant [knew was] likely to be suffered in the forum state." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162-63 (9th Cir. 2023) (citations omitted). "This analysis is driven by the defendant's contacts with the forum state—not the plaintiff's or other parties' forum connections." *Id.* at 1163 (citations omitted).

a.  USPSA

USPSA argues that posting on its "essentially passive webpage" does not invoke the benefits and protections of Arizona law, and is thus insufficient to state a prima facie case of personal jurisdiction. (*Id.* at 5-6) (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997)). USPSA also argues that emails sent to its 40,000 nationwide members and the public at large does not "expressly invoke" Arizona, and that Plaintiff has failed to plead or allege any harm specific to Arizona. (*Id.* at 6-7.) Finally, USPSA argues that even if it did purposefully direct activities at Arizona, the exercise of jurisdiction would not be reasonable. (*Id.* at 7-8.)

Plaintiff argues in his Response that USPSA's conduct had the most profound effect in Arizona, and that if the Court were to adopt USPSA's argument, "Defendant would not be subject to personal jurisdiction anywhere in the United States." (Doc. 24 at 3.) Plaintiff cites to *Burri L. PA v. Skurla*[7], purporting to support Plaintiff's assertion that a defamation

---

6    The two claims in the present case, defamation and breach of fiduciary duty, both arise under tort law in Arizona. *See Rogers v. Mroz*, 502 P.3d 986, 990 (Ariz. 2022) ("Arizona's tort of defamation traces to the common law."); *see B2B CFO Partners, LLC v. Kaufman*, 856 F. Supp. 2d 1084, 1093 (D. Ariz. 2012) ("[B]reach of fiduciary duty is a tort under Arizona law.").

7    Plaintiff cites this case as "*Burri L. PA v. Skurla,* No. 21-15271, 2022 WL 1815827 (9th Cir. June 3, 2022)." (Doc. 24 at 2-3.) The Court could locate no such case with that Westlaw

action can support personal jurisdiction in a state where "the purpose is to cause harm in the forum state." (*Id.* at 3-4) (citing *Burri L. PA v. Skurla*, 35 F.4th 1207 (9th Cir. 2022)). Plaintiff states that "by circulating statements about Plaintiff in Arizona, Defendants knew or should have known that this conduct would negatively affect Plaintiff's reputation in that state." (*Id.* at 4.)

In *Cybersell*, the Ninth Circuit found that a company from Florida being sued for copyright infringement by a company from Arizona with the same name, "did nothing to encourage people in Arizona to access its site" and thus "has done no act or has consummated no transaction, nor has it performed any act by which it purposefully availed itself to the privilege of conducting activities in Arizona." *Cybersell, Inc.*, 130 F.3d at 419. The *Cybersell* court reasoned that posting an "essentially passive homepage on the web" cannot be reasonably inferred to "deliberately direct[] merchandising efforts towards Arizona residents." *Id.* The court in *Cybersell* expressly rejected the matter as a "*Calder* case[,]" though, finding that the "effects test" was inapplicable to that matter as the suit was between two corporations and the web page was "simply not aimed" at anyone in particular, especially Arizona. *Id.* at 420.

In *Burri,* the Ninth Circuit considered a case involving a Florida law firm's defamation suit against bishops of the Byzantine Catholic Church and their respective dioceses. 35 F.4th at 1209-1210. The Ninth Circuit vacated the district court's holding that there was no personal jurisdiction over defendants, finding that at least one of the bishops "directed intentional acts at Arizona that he knew or should have known were likely to cause [plaintiff] harm in Arizona." *Id.* at 1215. The *Burri* court found that all three factors of the *Calder* test were met. *Id.* at 1216. For the first factor, the *Burri* court found that "communicating defamatory statements "plainly satisfie[s]" the intentional act requirement

---

citation. However, Plaintiff's case summary generally aligns with *Burri L. PA v. Skurla*, 35 F.4th 1207 (9th Cir. 2022). (*See id.*) Given that Plaintiff is pro se, the Court will afford Plaintiff the presumption that Plaintiff intended to cite *Burri L. PA v. Skurla*, 35 F.4th 1207 (9th Cir. 2022). *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that courts have a duty to construe pro se pleadings, motions, and complaints liberally); *see also Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986) (affording a pro se litigant "great leniency" when evaluating his compliance with technical rules of civil procedure and local rules).

of the *Calder* test. *Id.* at 1214. With regard to the second factor, the Ninth Circuit reasoned that the defendant's actions were "aimed at the forum state itself" as they concerned plaintiff's activities in Arizona and that defendant's "acts were allegedly intended to interfere with an Arizona lawsuit and an Arizona contract." *Id*. 1214-1215. Notably, in coming to this conclusion the court distinguished the case from *Walden v. Fiore*, where the Supreme Court declined to find personal jurisdiction because "residency of the plaintiff, 'standing alone is an insufficient basis for jurisdiction.'" *Id.* at 1214 (quoting *Walden v. Fiore*, 571 U.S. 277, 289-290 (2014)). For the third prong, the court found that defendant knew or should have known that his actions were likely to cause plaintiff harm in the forum state. *Id.* at 1215-1216. The court reasoned, for plaintiff's defamation claim, that some of defendant's statements were circulated in Arizona, and because defamation causes harm in the forum where it circulates, defendant knew or should have known that his conduct would cause plaintiff harm in Arizona. *Id.* (citing *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 777 (1984)).

   The facts of the present matter with regard to USPSA are distinguishable from both *Burri* and *Cybersell*. The first prong of the *Calder* test, intentional act, is readily met, as USPSA concedes that they "emailed the statements at issue to its '40,000 nationwide members' and directed said communications 'to the public at large.'" (Doc. 21 at 1-2); *see Marlyn Nutraceuticals, Inc. v. Improvita Health Prods.*, 663 F. Supp. 2d 841, 850 (D. Ariz. 2009) (finding defendants' emails were intentional acts because they could not "occur spontaneously or because of reflex"). However, the second prong, whether the act was intentionally aimed at the forum state, is less clear. Taking the Complaint's uncontroverted allegations as true, as the Court must, *see Am. Tel.*, 94 F.3d at 588, USPSA posted an announcement disseminating the Meeting Statements on its national website and distributed emails to its 40,000 nationwide members. (Doc. 1 at 2-3.) The Meeting Statements, by definition, directly involved Defendant USPSA publishing information about Plaintiff, a resident of Arizona, for nationwide consumption, including by members who live in Prescott, Arizona. (*Id.*) USPSA did not simply maintain an "essentially passive homepage," as in *Cybersell*, but rather actively engaged with Plaintiff, a resident of

Arizona, and updated members across the nation, including members in Arizona, of the status of the Plaintiff as a director of USPSA. *See Cybersell, Inc.*, 130 F.3d at 419. Thus, unlike *Cybersell*, the dispute between Plaintiff and USPSA is appropriately a "*Calder* case.*" See id.* at 420.

The actions of USPSA, however, also do not rise to the level of the intentional interference found in *Burri*. In *Burri*, the defendant's actions directly concerned the plaintiff's activities *in* Arizona and the defendant's acts were intended to interfere with an Arizona lawsuit and an Arizona contract. *See Burri*, 35 F.4th at 1209-1210. Plaintiff does not allege that Defendant USPSA's published Meeting Statements in any way comment on Plaintiff's activities *in* Arizona, interfere with a lawsuit in Arizona, or impede Arizona contracts. (*See* Doc. 1.) Rather, it appears that Plaintiff alleges personal jurisdiction over USPSA exists because Plaintiff lives in Arizona and USPSA was aware Plaintiff lived in Arizona when it sent the nationwide email and posted the Meeting Statements on its website. (*See id.* at 2; Doc. 24 at 1-2.) But "residency of the plaintiff, standing alone, is an insufficient basis for jurisdiction." *Burri*, 35 F.4th at 1214 (internal quotations omitted). While Plaintiff does not allege that his residency *alone* provides sufficient basis for personal jurisdiction, he also does not demonstrate to the Court that Defendant USPSA intentionally invoked Arizona to the extent found in *Burri*.

Instead of *Cybersell* or *Burri*, the alleged facts in this case appear more like those in *Xcentric Ventures, LLC v. Bird*, where the court considered whether defendants who published an article on the internet that defamed Arizona plaintiffs established personal jurisdiction over those defendants in Arizona. 683 F. Supp. 2d 1068, 1071 (D. Ariz. 2010). The *Bird* court found that "mere knowledge of an individual's residence, combined with intentional posting of defamatory statements on the internet (which, taken together, makes it foreseeable an individual will be harmed in a certain forum location) does not amount to 'express aiming.'" *Id.* at 1073. The court in *Bird* held that plaintiffs thus failed to meet the second prong of the *Calder* effects test and accordingly declined personal jurisdiction over defendants. *Id.* at 1075.

Similarly, Plaintiff in this case has not shown that USPSA "expressly aimed" the

defamatory statements in Arizona. Even assuming, *arguendo*, that USPSA knew that Plaintiff resided in Arizona, Plaintiff has not demonstrated that USPSA "expressly aimed the allegedly defamatory [statements] at Arizona." *See Bird,* 683 F. Supp. 2d at 1075. Rather, it appears that USPSA directed its allegedly defamatory information nationwide by publishing the Meeting Statements on its website and emailing the Meeting Statements to all 40,000 members across the country. (*See* Doc. 1.) While the Meeting Statements invoked allegedly defamatory remarks about Plaintiff, an Arizona resident, "mere knowledge of the defamed individual's residence is not sufficient to create personal jurisdiction." *See Bird,* 683 F. Supp. 2d at 1074 (collecting cases). As the Supreme Court has made clear, the focus must be on the "defendant's own contacts with the forum, not . . . the defendant's knowledge of a plaintiff's connections to a forum." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) (citing *Walden*, 571 U.S. at 289). Plaintiff has not provided sufficient alleged facts of Defendant USPSA's contact with or connections to the forum, Arizona. (*See* Doc. 1.)

Plaintiff has failed to meet the second factor of the *Calder* effects test and accordingly has not demonstrated that USPSA "purposefully directed [their] activities . . . with the forum . . . or perform[ed] some act . . . purposefully avails [itself] of the privilege of conducting activities in the forum." *See Schwarzenegger*, 374 F.3d at 802 (internal citations omitted). Because Plaintiff has failed to meet his burden of demonstrating USPSA had minimum contacts with the forum, *see Ranza*, 793 F.3d at 1068, this Court lacks specific personal jurisdiction over USPSA. *See Schwarzenegger*, 374 F.3d at 802 (if the plaintiff fails to satisfy either of the first two prongs of the minimum contacts test, personal jurisdiction is not established).

> b.  James Houston Boone, Russell Thomas Fortney, Ben Stewart Berry, Lafe Kunkel, Frank Rizzi, and Andrew R. Erickson

The Director Defendants argue that they did not purposefully direct any activity to Arizona and that Plaintiff's claims do not arise out of or relate to any contact by the Directors with Arizona. (Doc. 26 at 1.) They continue that the only connection between this case and Arizona is that Arizona is the state where the Plaintiff resides, which "is

woefully insufficient to establish personal jurisdiction over [the Directors]." (*Id.* at 1-2.) Director Defendants argue that their alleged statements and conduct were not expressly aimed at Arizona and thus do not establish specific personal jurisdiction. (*Id.* at 8-9) (citing *Bird*, 683 F. Supp. 2d at 1068). Additionally, the Director Defendants provided sworn affidavits, in which they each individually affirmed that "none of [the] alleged statements or actions were targeted to or expressly aimed at Arizona." (Doc. 26 at p. 14 ¶ 20; p. 17 ¶ 20; p. 20 ¶ 20; p. 23 ¶ 20; p. 26 ¶ 20; p. 29 ¶ 20.)

Plaintiff argues that "Defendants made public web postings, sent direct emails and through its acting president, Jim Boone, sent direct messages targeted specifically to the voters in Arizona in an attempt to influence their recall petition, citing again the defamatory statements." (Doc. 28 at 2-3.) Plaintiff further alleges that the Director Defendants "specifically targeted and repeated the defamatory statements to all of the members residing in Arizona." (*Id.* at 3.) Plaintiff again cites to *Burri* to support his claims that the Meeting Statements "could not be more directly aimed at Arizona with the intended effect of barring Plaintiff from competing in local club weekend matches." (*Id.* at 4) (citing *Burri*, 35 F.4th at 1207). Plaintiff also avers that these Defendants "knew their statements published to residents of Arizona would harm Plaintiff in Arizona." (*Id.* at 5.) However, in the alternative, Plaintiff states that he "could amend the [C]omplaint to add additional detailed facts as needed." (*Id.* at 2.)

In analyzing the *Calder* test with respect to both claims against Director Defendants, the Court agrees with Director Defendants for similar reasons as outlined *supra* for USPSA. Plaintiff's breach of fiduciary duty and defamation claims both arise out of the same alleged conduct: the adoption and dissemination of the Meeting Statements. (*See* Doc. 1.) Plaintiff does not allege in his Complaint, however, that any of the Directors expressly targeted Arizona in publishing the Meeting Statements or by communicating the Meeting Statements specifically to Arizona residents. (*See id.*) Rather, Plaintiff identifies in his Complaint that the Directors made or ratified the Meeting Statements "in a motion before the Board that they then published in Meeting Minutes, Internet postings on The Organization's website, in emails directed to the 40,000 nationwide members of the

Organization and to the public at large." (Doc. 1 at 2.) Publishing the Meeting Statements in meeting minutes, internet postings, and emails to all of the nationwide members does not establish that Defendants "expressly aimed the allegedly defamatory [statements] at Arizona." *See Bird,* 683 F. Supp. 2d at 1075.

While Plaintiff's Response does go further to allege that "additional emails [were] sent directly to clubs and members in [Arizona]" and that Director Defendants "sent direct messages targeted specifically to the voters in Arizona in an attempt to influence their recall petition[,]" (Doc. 28 at 1, 3), the Court's focus is on the sufficiency of the Complaint. *See Schwarzenegger*, 374 F.3d at 800 ("We only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction.") Thus, for the same reasons that Plaintiff failed to show that this Court had personal jurisdiction over USPSA, Plaintiff has failed to identify any connection between the Director Defendants' conduct and the state of Arizona aside from Plaintiff's residence in Arizona. Because the Court's focus must be on "defendant's own contacts with the forum," Plaintiff has failed to show that Director Defendants expressly aimed the Meeting Statements at the state of Arizona. *See Axiom Foods,* 874 F.3d at 1070.

Plaintiff has not demonstrated that Director Defendants expressly aimed any alleged conduct at the forum state. Plaintiff has therefore failed to meet the second factor in the *Calder* test, and the Court need not reach the other prongs of the minimum contacts analysis. *See Schwarzenegger*, 374 F.3d at 802. Plaintiff has not met his burden to show that personal jurisdiction exists for Director Defendants. *See Ranza*, 793 F.3d at 1068.

## C.    Conclusion and Leave to Amend

For the foregoing reasons, the Court concludes that it lacks personal jurisdiction over all Defendants.

Plaintiff argues in his Responses to Defendants' Motions that he could allege additional facts to demonstrate personal jurisdiction over Defendants. (*See* Doc. 24 at 1) ("In addition to the allegations in the Complaint, Plaintiff could amend the [C]omplaint to add additional detailed facts as needed"); (*see also* Doc. 28 at 1) ("discovery will reveal additional emails sent directly to clubs and members in [Arizona]"); (*see also id.* at 2)

("Plaintiff could amend the [C]omplaint to add additional detailed facts as needed").

While Plaintiff does not specifically request leave on the issue of personal jurisdiction, a district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted) (affirming district courts should consider leave to amend, even if no request was made in the failure to state a claim context).

Rule 15 directs that courts should grant leave to amend freely, when justice so requires. Fed. R. Civ. P. 15; *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) ("This policy is to be applied with extreme liberality.") (internal quotations and citations omitted). Whether to grant a motion to amend depends on five factors: "(1) bad faith, (2) prejudice to the opposing party, (3) futility, (4) undue delay, and (5) whether plaintiff has previously amended his complaint." *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991) (citations omitted). Some courts in the Ninth Circuit have granted leave to amend for lack of personal jurisdiction "when sufficient facts may exist to establish personal jurisdiction." *Discovery Land Co. LLC v. Discovery Glob. LLC*, No. CV-20-01940-PHX-MTL, 2021 WL 148641, at *6 (D. Ariz. Jan. 15, 2021) (finding that plaintiff may be able to allege a basis for personal jurisdiction, in part, because plaintiff has not previously amended complaint) (citing *Regal Art & Gifts, Inc. v. Fusion Prod., Ltd.*, No. 15-CV-04363-KAW, 2016 WL 454116, at *8 (N.D. Cal. Feb. 5, 2016)). Others have found that "lack of personal jurisdiction, pursuant to Rule 12(b)(2), 'is not curable by amendment.'" *Stuckey v. Leath*, No. CV-18-03213-PHX-JAT, 2019 WL 1558079, at *7 (D. Ariz. Apr. 10, 2019) (denying leave to amend for lack of personal jurisdiction but dismissing without prejudice) (citing *Wild W. Guns, LLC v. Superior Ammunition, Inc.*, No. 3:18-CV-00043 JWS, 2019 WL 885915, at *1 (D. Alaska Feb. 23, 2019)). "A dismissal for lack of personal jurisdiction does not adjudicate the merits and so should be without prejudice." *Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 836 (9th Cir. 2024) (reversing district court's dismissal with prejudice where there was no personal jurisdiction) (citations omitted).

Here, Plaintiff argues that he could amend his Complaint to "add additional facts as needed" and that further discovery will "reveal additional emails sent directly to clubs and members in [Arizona]." (Doc. 24 at 1; Doc. 28 at 2). The Court recognizes that leave to amend should be afforded "with extreme liberality," *see Eminence Cap., LLC,* 316 F.3d at 1051, and that "sufficient facts may exist to establish personal jurisdiction," *see Discovery Land Co. LLC*, 2021 WL 148641, at *6. Furthermore, Defendants have not argued, nor does the Court find any evidence to indicate, bad faith, prejudice to the opposing party, or undue delay. Additionally, the Complaint is the pro se Plaintiff's first Complaint in the present matter. The Court finds the factors weigh towards granting Plaintiff leave to amend. *See Molini*, 951 F.2d at 204. Therefore, the Court will grant Defendant USPSA and Director Defendants' Motions to Dismiss (Docs. 21, 26), while also affording Plaintiff leave to amend his Complaint.

## III.    PLAINTIFF'S MOTION TO COMPEL EARLY MEETING OF COUNSEL

The Court now turns to Plaintiff's Motion. On September 2, 2025, Plaintiff filed a Motion to Compel Early Meeting of Counsel on September 19, 2025 or Within 5 Days of Ruling. (Doc. 25.) In that Motion, Plaintiff asks the Court to issue an order compelling Defendants to hold a Rule 26(f) Conference. (*Id.* at 1.) Plaintiff argues that Defendants' refusal to confer with Plaintiff prior to this Court ruling on Defendants' Motions to Dismiss runs afoul of the "clear mandate" of Rule 26(f), which advises that the parties meet and confer "as soon as practicable." (*Id.* at 2.) Defendant USPSA timely filed a Response arguing that Plaintiff's Motion should be denied because 1) Plaintiff deliberately ignored his obligation to personally confer with USPSA prior to filing the discovery-related motion, pursuant to LRCiv. 7.2(j) and 2) good cause exists to postpone the Rule 26(f) meeting. (Doc. 35 at 3-6.) Director Defendants also timely filed a Response, arguing that Plaintiff's Motion should be denied on the same bases as Defendant USPSA. (*See* Doc. 36 at 4-7.) Both USPSA and the Directors also request an award of attorneys' fees and costs as a

1
2
3

sanction for Plaintiff's failure to comply with LRCiv. 7.2(j). (Doc. 35 at 7[8]; Doc. 36 at 7.) Plaintiff timely filed a Reply to the Defendants' two Responses. (Doc. 37.) No scheduling order has been issued in the present matter.

4

### A. Standard of Review

5
6
7
8
9
10
11
12

"[C]ourts may dismiss motions to compel as moot upon dismissal of a complaint." *Opperwall v. Bank of Am., N.A.*, 561 B.R. 775, 782 (N.D. Cal. 2016), *aff'd*, 727 F. App'x 329 (9th Cir. 2018) (citing *Langston v. Shiaishi*, 568 F. App'x 519, 520 (9th Cir. 2014) (acknowledging the district court's broad discretion in deciding motions to compel discovery); *see also, e.g., Austin v. Baker*, No. CV-102467-PHX-ROS-MEA, 2011 WL 13157065, at *2 (D. Ariz. Sept. 16, 2011) ("Because the Court is dismissing the sole claim in [p]laintiff's action, [p]laintiff's requests to compel discovery and to extend discovery deadlines are moot and will be denied.").

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Under Federal Rule of Civil Procedure 37, parties may move for an order compelling discovery but must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery." The Rules of Practice and Procedure of the U.S. District Court for the District of Arizona go further in that "[a]ny discovery motion brought before the Court without personal consultation with the other party and a sincere effort to resolve the matter may result in sanctions." LRCiv. 7.2(j). "Personal consultation requires face-to-face communication, or at least telephone communication. Letters, faxes, and e-mails are insufficient." *Hart v. Agnos*, No. CV-77-0479-PHX-NVW, 2008 WL 2008966, at *7 (D. Ariz. Apr. 25, 2008). However, the "[i]mposition of discovery sanctions is committed to the trial court's discretion." *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). "Before awarding sanctions under its inherent powers . . . the court must make an explicit finding that [the] conduct constituted or was tantamount to bad faith." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (internal citations and quotations omitted). While pro se litigants are afforded greater leniency with pleadings, they "must

28

---

[8]    USPSA cites the applicable rule as LRCiv. 7.1(j), but given there is no LRCiv. 7.1(j), the Court assumes USPSA intended to cite LRCiv. 7.2(j). (*See* Doc. 35 at 6-7.)

follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (*overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012)).

### B. Analysis

The present Motion to Compel before this Court is moot, given the Court's preceding analysis on Defendants' Motions to Dismiss. *See Opperwall*, 561 B.R. at 782. The Court, however, must consider Defendants' requests for sanctions.

Given that Plaintiff's Motion to Compel was a discovery motion, *see* FRCP 26(f), Plaintiff was required under LRCiv. 7.2(j) to certify to the Court that he made a "sincere effort to resolve the matter" through personal consultation with the opposing party. While Plaintiff did provide evidence of consultation with Defendants through email correspondence (*see* Doc. 25 at 6-8), emails are "insufficient" to satisfy the personal consultation requirement under LRCiv. 7.2(j). *See Hart*, 2008 WL 2008966, at *7. However, the Court recognizes that Plaintiff is pro se and Plaintiff was likely attempting to comply with the federal rules in diligently moving the case forward. *See Isabel v. Reagan,* No. CV-18-03217-PHX-DWL, 2019 WL 13519919, at *1 (D. Ariz. Feb. 7, 2019) ("The [c]ourt is sympathetic to [p]laintiff's desire to litigate this case expeditiously and appreciates [p]laintiff's diligence in attempting to comply with the federal rules."). Thus, at this juncture, the Court declines to award sanctions. The Court does not find Plaintiff's "conduct constituted or was tantamount to bad faith." *See Batarse*, 115 F.3d at 649. However, the Court cautions Plaintiff that pro se litigants must follow the same rules of procedure that govern other litigants, including the Rules of Practice and Procedure of the U.S. District Court for the District of Arizona ("Local Rules").[9] *See King*, 814 F.2d at 567.

### IV.    CONCLUSION

For the above reasons,

**IT IS ORDERED granting** Defendant United States Practical Shooting

---

[9] The Local Rules may be found at https://www.azd.uscourts.gov/local-rules. Resources for self-represented litigants may be found at https://www.azd.uscourts.gov/proceeding-without-attorney-0.

1    Association's Motion to Dismiss Plaintiff's Complaint for Defamation, Breach of

2    Fiduciary Duty and Declaratory Relief (Doc. 21) with leave to amend.

3        **IT IS FURTHER ORDERED granting** Defendants' Motion to Dismiss for Lack

4    of Personal Jurisdiction Pursuant to FRCP 12(b)(2) (Doc. 26) filed by Defendants James

5    Houston Boone, Russell Thomas Fortney, Ben Stewart Berry, Lafe Kunkel, Frank Rizzi,

6    and Andrew R. Erickson with leave to amend.

7        **IT IS FURTHER ORDERED** if Plaintiff wishes to amend his Complaint, he must

8    file an Amended Complaint within **30 days** from the date of this Order. That Amended

9    Complaint must include all claims Plaintiff wishes to allege, all of the allegations that the

10   claims are based upon, and the basis for this Court's subject matter and personal

11   jurisdiction, even if previously presented in the original Complaint. No part of the original

12   Complaint may be incorporated by reference. If the Amended Complaint fails to cure the

13   defects identified in this Order, the Court will entertain a motion to dismiss without further

14   leave to amend.  If Plaintiff fails to file an Amended Complaint within 30 days of this

15   Order, the Clerk of Court is directed to terminate this action.

16       **IT IS FURTHER ORDERED denying as moot** Plaintiff's Motion to Compel

17   Early Meeting of Counsel on September 19, 2025 or Within 5 Days of Ruling (Doc. 25).

18       Dated this 23rd day of January, 2026.

Honorable Alison S. Bachus
United States Magistrate Judge

- 21 -