**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jonathan W Birdt,<br><br>      Plaintiff,<br><br>vs.<br><br>James Houston Boone, et al.,<br><br>      Defendants. | No.  CV-25-08164-PCT-ASB<br><br>**ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE** |

Defendants having filed their respective Answers, and pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Telephonic Case Management Conference is set for **June 10, 2026, at 9:00 a.m**., before United States Magistrate Judge Alison S. Bachus. Counsel will receive dial-in instructions via separate electronic communication. In preparation for this Case Management Conference, IT IS ORDERED as follows:

INITIAL DISCLOSURES

The parties shall provide initial disclosures in the form and on the schedule required by Federal Rule of Civil Procedure 26(a)(1). The parties shall file with the Clerk of the Court a Notice of Initial Disclosure; copies of the actual disclosures need not be filed.

RULE 26(f) MEETING AND CASE MANAGEMENT REPORT

The parties are directed to meet and confer at least fourteen (14) days before the Case Management Conference as required by Federal Rule of Civil Procedure 26(f)(1).  At this Rule 26(f) Meeting, the parties shall develop a joint Case Management Report and jointly file it with the Clerk of the Court **not less than seven (7) days before the Case**

**Management Conference**. The Case Management Report shall contain the following information in separately numbered paragraphs:

1.      The parties who attended the Rule 26(f) Meeting and assisted in developing the Case Management Report;

2.      A short statement of the nature of the case (3 pages or less), including a description of each claim and defense;

3.      A description of the principal factual and legal disputes in the case;

4.      The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes;[1]

5.      Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared;

6.      A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings (the Court will set a deadline of not later than 90 days after the Case Management Conference to join parties or amend pleadings);

7.      A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705);

8.      The status of related cases pending before other courts or other judges of this Court;

9.      A statement of when the parties exchanged (or will exchange) Federal Rule of Civil Procedure 26(a) initial disclosures;

---

[1]    If jurisdiction is based on diversity of citizenship, the report must include a statement of the citizenship of every party and the amount in dispute. *See* 28 U.S.C. § 1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business, and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. § 1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F. 2d 1090, 1092 (9th Cir. 1990). In addition, the parties reminded that the use of fictitious parties (e.g., "John Doe," "ABC Corporation," or "XYZ Partnership") "casts no magical spell on a complaint otherwise lacking in diversity jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

10.    A discussion of necessary discovery, including:

a.  The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;

b.  Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Rule 16.2 of the Local Rules of Civil Procedure for the United States District Court for the District of Arizona ("LRCiv");

c.  The number of hours permitted for each deposition, unless extended by agreement of the parties.  The parties are encouraged to consider whether a total number of deposition hours should be set in the case (e.g., 30 total hours for Plaintiffs and 30 total hours for Defendants).  Such limits provide an incentive for all parties to be efficient in each deposition and focus the parties on allocation of time among the witnesses depending on their respective importance and complexity of issues relative to this matter;

d.  Any issues related to the preservation, disclosure, or discovery of electronically stored information, including the form or forms in which it should be produced (*see* Rules 16(b)(3), 26(f)(3)(C);

e.  Any issues related to claims of privilege or work-product (*see* Rules 16(b)(3), 26(f)(3)(D), and whether an order under Federal Rule of Evidence 502(d) is warranted.

11.    Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):

a.  A deadline for the completion of discovery;[2]

---

[2]    The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes.  Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

3

b.  Dates for full and complete disclosures of expert disclosures under Rule 26(a)(2)(A)-(C) of the Federal Rules of Civil Procedure;

c.  A deadline for completion of all expert depositions;

d.  A deadline for filing dispositive motions;

e.  A date by which the parties shall have engaged in face-to-face good faith settlement talks.

12.    Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);

13.    The estimated length of trial and any suggestions for shortening the trial;

14.    The prospects for settlement, including any request of the Court for assistance in settlement efforts, such as a request that the matter be referred to another magistrate judge for a settlement conference; and

15.    Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.

It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) Meeting and preparation of the joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) Meeting and assist in preparation of the Case Management Report.

<u>CASE MANAGEMENT CONFERENCE AND ORDER</u>

The Court directs counsel and any unrepresented parties to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the Case Management Conference. Counsel who will be responsible for trial of the lawsuit for each party, and any part that is not represented by counsel, shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. A continuance of the Case Management Conference will be granted only for good cause and will not be granted beyond the time limit set forth in Federal Rule of Civil Procedure 16(b).

As a result of the Case Management Conference, the Court will enter a Case

Management Order in the form appearing on the Court's website at www.azd.uscourts.gov under Judges' Information/Orders, Forms and Procedures/Judge Alison S. Bachus. The Court fully intends to enforce the deadlines in the Case Management Order. The parties should plan their litigation activities accordingly.

OTHER MATTERS

The parties are expected to comply fully with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure. The parties are also expected to minimize the expense of discovery.

The parties should ensure that all pleadings comply with LRCiv 7.1 and 7.2. All citations in support of any assertion in the text shall be included in the text, not in the footnotes.

The Clerk of the Court shall send copies of this Order to all counsel of record and to any unrepresented parties.

Dated this 15th day of May, 2026.

_____
Honorable Alison S. Bachus
United States Magistrate Judge