Jonathan W. Birdt
1563 Bello Monte Drive
Prescott, AZ, 86301
928-800-2002
Birdtjon@gmail.com

# IN UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Wesley Birdt, | Case No.: **3:25-cv-08164-ASB** |
| Plaintiff, | |
| vs. | ~~JOINT~~ STATEMENT OF DISSCOVERY DISPUTE |
| James Houston Boone; The United States Practical Shooting Association/IPSC; Russell Thomas Fortney; Ben Stewart Berry; Lafe Kunkel; Frank Rizzi, Andrew R. Erickson | |
| Defendants | |

Plaintiff's Statement:  On June 4th, 2026, Defendant, USPSA, provided a generic boilerplate response to Plaintiff's first request for production, that contained no statement of compliance, other than that they were still searching and provided no documents.  By contrast, Defendant Boone, with limited access to records produced several hundred responsive pages.  Plaintiff requested a meet and confer and Defendant agreed to supplement their responses by June 12, 2026.

On June 12th, USPSA did not provide the promised amended responses or produce any documents, but did send a privilege log.  The privilege log claims that attorney client privilege applies to documents sent to Directors other than Plaintiff during his tenure. As part of their response to the meet and confer, Defense Counsel asserts that even though Plaintiff was a Director, he had undisclosed "adverse interests".

BIRDT V. USPSA - 1

Plaintiff specifically conducted discovery to understand this conflict of interest argument and in response to both document requests and special interrogatories, defendants provided no direct evidence of this imagined conflict of interest. Even assuming arguendo that such argument exists, there is no exception in the law that Directors are entitled to the same access to documents.

Plaintiff submits that all objections have been waived and that USPSA must provide full and complete responses to the Requests for Production together with the production of all responsive records.

In response to Defendant's failure to provide the promised responses following the meet and confer Plaintiff attempted to follow up and Defense Counsel advised that none of the 4 attorneys assigned to the matter were able to meet and confer with Plaintiff for more than a week. Defense Counsel declined to participate in this notice as well.

June 17, 2026

Jonathan W. Birdt

BIRDT V. USPSA - 2